# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 17, 2009 Session

## STATE OF TENNESSEE v. PHILLIP G. HARRIS

**Direct Appeal from the Circuit Court for Coffee County**
**No. 28,817      Charles Lee, Judge**

---

**No. M2008-01819-CCA-R3-CD - Filed June 11, 2010**

---

The Defendant-Appellant, Phillip G. Harris, pled guilty to aggravated sexual battery, a Class B felony, in the Circuit Court for Coffee County. Pursuant to the plea agreement, he was sentenced as a violent offender to eight years in the Tennessee Department of Correction. The judgment order did not impose lifetime community supervision following the expiration of Harris' sentence as required by Tennessee Code Annotated section 39-13-524. Consequently, the State filed a motion to amend the judgment order. The trial court entered a corrected judgment order that imposed lifetime community supervision. On appeal, Harris challenges the validity of his guilty plea and the constitutionality of the lifetime supervision statute. The State contends this court lacks jurisdiction to hear this appeal because Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right. Upon review, we agree with the State and dismiss Harris' appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Clayton M. Whittaker, Chattanooga, Tennessee, for the Defendant-Appellant, Phillip G. Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles E. Layne, District Attorney General; and Kenneth Shelton, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**. The original judgment order was entered on October 30, 1998. On the same day, Harris signed a document entitled "Plea of Guilty and Acknowledgment and

Waiver of Rights." This document sets forth the rights waived by entering the plea agreement. The final paragraph states:

> The defendant represents and states further to the Court that he does not desire to file a motion for a new trial or file an appeal in this cause and agrees, upon conferring with counsel, that there is no basis for an appeal as there are no errors in the record of this case.

Under the plea agreement, Harris was sentenced as a violent offender to eight years in the Tennessee Department of Correction. The judgment order states that this sentence was to be served consecutive to "any and all sentences previously imposed, including Marion County Circuit Court case #4183." The judgment order does not state that Harris reserved a certified question of law.

On April 2, 2008, the State filed a "Motion to Amend Judgment Order." It argued that the judgment order failed to mandate lifetime community supervision as required by Tennessee Code Annotated section 39-13-524. This statute applied to Harris because he was convicted of aggravated sexual battery under section 39-13 -504. Section 39-13-524(a) states:

> In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502, § 39-13-504, § 39-13-522, or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life.

The motion requested the trial court to amend the judgment order pursuant to its authority under Rule 36 of the Tennessee Rules of Appellate Procedure. The record includes a copy of the corrected judgment order, which was entered on July 16, 2008. The order states that it "is corrected to reflect that pursuant to 39-13-524 Defendant is sentenced to community supervision for life following sentence expiration." From the record presented, it does not appear that Harris was given notice of the State's motion to amend, that Harris responded to the State's motion prior to entry of the corrected judgment order, or that there was a hearing to address the amendment.

Harris filed a timely notice of appeal on August 13, 2008. The notice does not state under what rule of appellate procedure Harris appeals. We presume that he intended to appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure. On September 4, 2008, Harris filed a "Motion for Withdrawal of Guilty Plea." He submitted a subsequent notice to withdraw this motion, which was granted by the trial court. The trial court's order, which was filed on February 4, 2009, states, "The Defendant has filed a notice

to withdraw the Motion to Withdraw Guilty Pleas [sic], it being his desire to pursue relief from the court of appeals and with knowledge of the potential waiver of rights."

## ANALYSIS

The State claims this court lacks jurisdiction because Rule 3(b) of the Tennessee Rules of Appellate Procedure does not expressly provide for an appeal as of right from the entry of a corrected judgment order. Harris did not address this issue in his brief, and he failed to submit a reply brief. Nonetheless, he asserts that the guilty plea was void because it was not entered into knowingly and voluntarily. He also claims that the lifetime supervision requirement is unconstitutional. Upon review, we agree with the State that Harris cannot appeal under Rule 3.

Tennessee Code Annotated section 39-13-524 mandates that anyone convicted of aggravated sexual battery under section 39-13-504 shall receive lifetime community supervision. The original judgment order did not include this requirement, and therefore it constituted an illegal sentence. See State v. Bronson, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005) ("[W]e hold that the failure to include the community supervision for life provisions rendered the defendants' sentences illegal."). The trial court had jurisdiction to correct this illegal sentence at any time. Id. at 602 (citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978); Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001)). We note that the trial court's authority to amend the judgment order did not derive from Rule 36 of the Tennessee Rules of Criminal Procedure, as the omission of the supervision requirement was not merely a clerical error. See Dennis J. Rountree, Jr. v. State, No. M2008-02527-CCA-R3-PC, 2009 WL 3163132, at *1 (Tenn. Crim. App., at Nashville, Oct. 2, 2009); but see State v. Thomas Ray Bryant, No. M2005-02356-CCA-R3CD, 2006 WL 2956508, at *1-3 (Tenn. Crim. App., at Nashville, Oct. 13, 2006).

Following entry of the corrected judgment order, Harris had several options in challenging his guilty plea. First, he could have filed a motion to withdraw his guilty plea pursuant to Rule 32(f)(2) of the Tennessee Rules of Criminal Procedure. This motion must be filed within thirty days of entry of the corrected judgment order. See State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003); Dennis Eugene Evans v. State, No. E2004-01059-CCA-R3-PC, 2004 WL 2853296, at *2 (Tenn. Crim. App., at Knoxville, Dec. 13, 2004) (stating that the thirty-day period is triggered upon entry of the corrected judgment order). If the trial court denied his motion, Harris had the right to challenge the trial court's ruling on direct appeal. See State v. Peele, 58 S.W.3d 701, 706 (Tenn. 2001) ("A Tenn. R. App. P. 3(b) direct appeal lies from a trial court's denial of a motion to withdraw a guilty plea raised under Tenn. R.Crim. P. 32(f)."); see also State v. Wilson, 31 S.W.3d 189, 195 n. 14 (Tenn. 2000). The record shows that Harris filed a "Motion for Withdrawal of Guilty

Plea;" however, this motion was untimely. Harris also filed a subsequent notice to withdraw this motion before the trial court made a ruling.

Second, Harris could have challenged the guilty plea through a post-conviction proceeding. This court has repeatedly stated that a petition for post-conviction relief is "the proper avenue for attacking an involuntary guilty plea." Dennis Eugene Evans, 2004 WL 2853296, at *2 (citing Reiko Nolen v. State, No. W2001-03003-CCA-R3-CD, 2002 WL 31443174, at *4 (Tenn. Crim. App., at Jackson, Oct. 31, 2002)); see also Wilson, 31 S.W.3d at 194; Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993). The one-year limitations period with which to file a petition commenced upon entry of the corrected judgment. See Dennis Eugene Evans, 2004 WL 2853296, at *2.

Harris was not permitted to appeal the corrected judgment order under Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3(b) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Subsection (2) provides three circumstances in which a defendant may directly appeal a guilty plea; however, none of these are applicable. Harris did not reserve a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure. Although he challenges his sentence, his sentence was included as part of his plea agreement.[1] This requirement under subsection (2) was not negated by the absence of the lifetime supervision requirement from his original judgment order or the State's failure to include the lifetime supervision requirement during the guilty plea hearing. Lastly, by pleading guilty, Harris waived his right

---

[1]The record includes the transcript from the plea hearing. The State informed the trial court of the sentence Harris would receive under the plea agreement.

to directly appeal his sentence even though his sentence was amended. Harris cannot appeal from the corrected judgment order under Rule 3, and therefore his appeal must be dismissed.

## CONCLUSION

Based on the foregoing, Harris' appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE