IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 22, 2010

**NICHOLAS SHANE BREWER v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14689     Stella Hargrove, Judge**

**No. M2009-02522-CCA-R3-HC - Filed July 22, 2010**

The petitioner, Nicholas Shane Brewer, pled guilty to attempted aggravated sexual battery, a Class C felony, in May 2006, receiving a negotiated sentence of six years, as a Range I standard offender, in the Tennessee Department of Correction. He did not seek a direct appeal or post-conviction relief. The petitioner filed a petition for habeas corpus relief on September 23, 2009. The habeas corpus court summarily denied relief. On appeal, the petitioner claims that the court erred by summarily dismissing his petition, arguing that (1) the original judgment against him was void because it did not reflect the mandatory imposition of a sentence of community supervision for life, and the trial court did not have jurisdiction to amend the judgment; (2) he entered his guilty plea involuntarily and unknowingly; and (3) he received ineffective assistance of counsel. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Jerry L. Smith and Thomas T. Woodall, JJ., joined.

Nicholas S. Brewer, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

The petitioner, Nicholas Shane Brewer, pled guilty to attempted aggravated sexual battery in May 2006, receiving a negotiated sentence of six years, as a Range I standard offender, in the Tennessee Department of Correction. He did not seek a direct appeal or post-conviction relief. The petitioner filed a petition for habeas corpus relief on September 23, 2009. The habeas corpus court summarily denied the petition.

**Analysis**

On appeal, the petitioner claims that the court erred by summarily dismissing his petition, arguing that (1) the original judgment against him was void because it did not reflect the mandatory imposition of a sentence of community supervision for life, and the trial court did not have jurisdiction to amend the judgment; (2) he entered his guilty plea involuntarily and unknowingly; and (3) he received ineffective assistance of counsel. The state responds that (1) the trial court properly amended the judgment, which reflected an illegal sentence, and (2) the petitioner's claims of an involuntary guilty plea and ineffective assistance of counsel are not cognizable in a proceeding for habeas corpus relief. We agree with the state.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

First, the petitioner contends that the original judgment against him was void on its face because it did not reflect the mandatory imposition of sentence of community supervision for life. Furthermore, he argues that the trial court did not have jurisdiction to

amend the judgment. The state agrees that the original judgment reflected an illegal sentence but asserts that the corrected judgment reflects a legal sentence. Because the petitioner pled guilty to attempted aggravated sexual battery, he was subject to Tennessee Code Annotated section 39-13-524(a), which imposes a mandatory sentence of community supervision for life. Additionally, Tennessee Code Annotated section 39-13-524(b) requires that the judgment of conviction reflect that sentence. This court has previously held that a "failure to include the community supervision for life provision[]" resulted in an illegal sentence. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2004). Generally, a trial court may amend a judgment prior to the judgment becoming final, which occurs after thirty days or when a notice of appeal is filed. *See State v. Green*, 106 S.W.3d 646, 648-49 (Tenn. 2003); Tenn. R. App. P. 4(a). However, "[a]n illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time." *Bronson*, 172 S.W.3d at 602 (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978); *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001)). In this case, the original judgment, filed May 22, 2006, reflected an illegal sentence because of the trial court's failure to include the sentence of community supervision of life. *See Bronson*, 172 S.W.3d at 601-02. However, the trial court retained jurisdiction to amend the judgment to reflect a legal sentence. *Id.* at 602. We conclude that the petitioner's amended judgment of conviction, as filed July 28, 2009, is not void because it provides for a sentence of community supervision for life. Therefore, the petitioner's argument is without merit.

The petitioner next argues that he entered his guilty plea involuntarily and unknowingly because he was unaware that the offense to which he was pleading mandated a sentence of community supervision for life. Additionally, the petitioner claims that he received ineffective assistance of counsel because his attorney did not inform him that attempted aggravated sexual battery mandated a sentence of community supervision for life. The petitioner is not entitled to habeas corpus relief. The petitioner's claims are not cognizable because they require proof beyond the face of the record or judgment to establish the invalidity of his conviction. *Archer*, 851 S.W.2d at 164. To reiterate, a defect which renders a judgment merely voidable is not subject to collateral attack via habeas petition. *Id.* at 163.

## Conclusion

Based on the foregoing reasons, we conclude that the petitioner failed to state a cognizable claim for habeas corpus relief, and we affirm the habeas corpus court's order summarily dismissing his pro se petition for habeas corpus relief.

_____
J.C. McLIN, JUDGE

-3-