# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 25, 2012 Session

## MICHAEL PANZINI v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 92222    Jon Kerry Blackwood, Special Judge**

_____

**No. E2011-01497-CCA-R3-HC - Filed June 28, 2012**

_____

The Petitioner, Michael Panzini, pled guilty to aggravated sexual battery, and the trial court sentenced him to ten years, to be served at 100%. The record contains two judgments of conviction, one provided by the State and one provided by the Petitioner. The judgment form in the official court file indicates the box on the judgment form showing the Petitioner was sentenced to community supervision for life as checked. The judgment submitted by the Petitioner does not contain that check mark. The Petitioner filed a petition for habeas corpus relief, contending that his sentence was illegal because he was not sentenced to community supervision for life. The trial court dismissed the petition. On appeal, the Petitioner contends that his original judgment of conviction did not include community supervision for life as required by statute and that his judgment was modified without notice, a hearing, or an order. After a thorough review of the record and applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Joshua D. Hedrick, Knoxville, Tennessee for the appellee, Michael Panzini.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall Nichols, District Attorney General; and Joanie Stewart, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

1

## I. Facts and Procedural History

A Knox County grand jury indicted the Petitioner for rape of a child. On August 2, 2001, the Petitioner pled guilty to one count of aggravated sexual battery. For this conviction, the trial court sentenced the Petitioner to ten years, to be served at 100% pursuant to Tennessee Code Annotated section 40-35-501(i)(2006). The judgment of conviction offered by the Petitioner indicates that box next to the requirement that the Petitioner be sentenced to community supervision for life was not marked.

On July 29, 2009, the Petitioner filed a petition for habeas corpus relief. In it, he alleged that his judgment of conviction was void because it did not, as a part of his sentence, include the community supervision for life requirement. The Petitioner averred that, on or about July 16, 2008, a Tennessee Department of Correction officer amended his judgment to include the community supervision for life requirement.

The habeas corpus court appointed counsel for the Petitioner and held a hearing on the petition. At the hearing, the State posited that the Petitioner had not met his burden of showing that his judgment was void. The State informed the habeas corpus court that the court's file contained only one judgment of conviction, which reflected that the Petitioner had, in fact, been sentenced to community supervision for life. The State asserted that it could find no evidence that the judgment of conviction omitting this requirement had ever been part of the court's file. The only copy of that document, it stated, was the one presented by the Petitioner.

Petitioner's counsel conceded that there was only one judgment of conviction in the court's file and that it indicated that the Petitioner had been sentenced to community supervision for life. He asserted, however, that the box was marked in pen rather than typed, which showed that this requirement was added at a subsequent date. Petitioner's counsel contended that there was no motion filed to have the judgment corrected and that there was no proceeding undertaken to correct the judgment. Petitioner's counsel identified this as an unusual situation because there were two judgments of conviction that differed, with no indication as to how the judgment was modified or changed. Petitioner's counsel contended that it was the Petitioner's position that the original judgment of conviction was illegal and gave the Petitioner the right to habeas corpus relief.

The State countered that the fact that the box was marked in pen did not prove that the mark was not made as part of the original guilty plea proceeding. The State asserted that there was but one judgment of conviction included in the court's file and that it indicated that the Petitioner had been sentenced to community supervision for life. As further support for the State's contention, it noted that the transcript of the guilty plea hearing reflected that the

2

Petitioner was advised of the terms of his plea agreement, which included a term of ten years incarceration, to be followed by placement on community supervision for life.

By written order, the habeas corpus court dismissed the Petitioner's petition. The habeas corpus court stated:

> The first argument raised by [the] Petitioner is that Judgment entered in this case is void. In support of this argument, [the] Petitioner holds the lifetime community supervision requirement on the Judgment was marked after the initiation of his sentence by person or person(s) unknown and unauthorized in violation of law. In further support of this argument, [the] Petitioner introduces an alleged Certified Copy of Judgment in which the operation for lifetime community supervision is unchecked and left blank. This is the only evidence [the] Petitioner produces to prove his claim.
>
> [The] Petitioner's argument regarding Judgment being void is unpersuasive. The original Judgment contained in the court record is facially valid because it reflects the lifetime community supervision requirement was imposed to Petitioner's original sentence. No other versions of the Judg[]ment, showing a blank option for the lifetime community supervision requirement, are contained in the record or the file. Additionally, the Judgment is not void because the trial court possessed the statutory authority to impose such a sentence.
>
>         . . . .
>
> The imposition of lifetime community supervision is explicitly governed and authorized by a sentencing statute. As such, the sentence requirement does not evidence any jurisdictional defect with the Judgment, nor does the requirement directly contravene a governing statute. To the contrary, the governing statute requires it. [The] Petitioner ple[d] guilty to aggravated sexual battery and is subject to the mandatory sentence of community supervision for life. The Judgment of conviction in this matter reflects the same and the plea bargained sentence was lawfully imposed pursuant to governing law. Accordingly, Judgment in this matter is not void and habeas corpus relief is unavailable.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

3

On appeal, the Petitioner contends that the trial court erred when it dismissed his petition for habeas corpus relief. He maintains on appeal that his original judgment of conviction did not include the lifetime supervision requirement, as required by statute. He asserts that the judgment was modified without notification or an opportunity to be heard and that it is the modified judgment that is in the record. The State counters that the only judgment of conviction contained in the court file is the one showing that the Petitioner was sentenced to community supervision for life. This judgment, the State asserts, is facially valid. Further, the State contends that even if this requirement were, in fact, added at a later time the Petitioner would still not be entitled to habeas corpus relief. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 to -130 (2006). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation which applies to bar the filing of a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *State v. Ritchie*, 20 S.W.3d 624, 630-31 (Tenn. 2000) (citations omitted); *see also Taylor*, 995 S .W.2d at 83.

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112 (2006), the Tennessee Supreme Court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review

must include pertinent documents to support those factual assertions." *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. *Id.*

This Court has held that a "failure to include the community supervision for life provision []" results in an illegal sentence. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2004). "An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time." *Id.* at 602 (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)).

In the case under submission, we first conclude that the Petitioner has not proven by clear and convincing evidence that his conviction is void or that the confinement is illegal. The only judgment of conviction contained in the court file reflects that he was sentenced to community supervision for life, a condition of the Petitioner's sentence that was explained to him during the guilty plea proceedings. While we recognize that the Petitioner has presented a judgment of conviction that does not reflect that provision, that judgment is not contained in the court file.

Further, in accordance with *Bronson*, the convicting court can properly amend the judgment to include the supervision requirement. As such, we conclude that, even if the Petitioner's judgment was amended to include the community supervision for life requirement, it would not be void. *See Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *3-4 (Tenn. Crim. App., Nashville, Aug. 19, 2009), *perm. app. denied,* (Tenn. Feb. 22, 2010) (stating that "as corrected, Petitioner's sentence is not illegal"); *see also Nicholas Shane Brewer v. State*, No. M2009-02522-CCA-R3-HC, 2010 WL 2867131, at *2 (Tenn. Crim. App., at Nashville, July 22, 2010), *no Tenn. R. App. P. 11 application filed*. The Petitioner is, therefore, not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the trial court properly dismissed the Petitioner's petition for habeas corpus relief. The trial court's judgment is, therefore, affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

5