# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 18, 2016 Session

## ROBERT MURPHY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lewis County**
**No. 2015-CR-23    Joseph A. Woodruff, Judge**
_____

**No. M2016-00071-CCA-R3-PC – Filed April 6, 2017**
_____

The Petitioner, Robert Murphy, appeals the Lewis County Circuit Court's denial of his petition for post-conviction relief from his convictions of two counts of rape, two counts of aggravated sexual battery, and two counts of incest and resulting effective sentence of forty-eight years to be served at 100%. On appeal, the Petitioner contends that the post-conviction court erred by finding that his petition was barred by the statute of limitations because due process required that the statute of limitations be tolled. Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Donald Capparella and Elizabeth Sitgreaves, Nashville, Tennessee, for the appellant, Robert Murphy.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Kim R. Helper, District Attorney General; and Jennifer Mason, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On May 6, 2002, the Petitioner pled guilty in the Lewis County Circuit Court to two counts of rape, a Class B felony, two counts of aggravated sexual battery, a Class B felony, and two counts of incest, a Class C felony. He received twelve-year sentences to be served at 100% for the rape convictions, twelve-year sentences for the aggravated

sexual battery convictions, and six-year sentences for the incest convictions. The trial court ordered that the twelve-year sentences be served consecutively for a total effective sentence of forty-eight years at 100% in confinement.

On June 25, 2013, the Petitioner filed a petition for writ of habeas corpus in the Lake County Circuit Court, alleging that the judgments of conviction were void because the Lewis County Circuit Court failed to comply with Tennessee Code Annotated section 39-13-524, which required community supervision for life for defendants convicted of rape and aggravated sexual battery. See Tenn. Code Ann. § 39-13-524(a)(1). The Petitioner also argued in the petition that his judgments of conviction were void because the trial court failed to award pretrial jail credit. On September 23, 2013, the habeas corpus court conducted a hearing on the petition and took the matter under advisement until it could review the guilty plea hearing transcript. After reviewing the transcript, the court entered an order on February 18, 2014, finding that the issue of lifetime community supervision was not part of the Petitioner's plea agreement and remanding the case to the trial court for entry of "corrected" judgments. The order did not address pretrial jail credit. On March 17, 2014, the Lewis County Circuit Court entered amended judgments for the rape and aggravated sexual battery convictions, reflecting community supervision for life pursuant to Tennessee Code Annotated section 39-13-524.

On April 9, 2014, the Lake County Circuit Court entered an order amending its February 18, 2014 order. The amended order stated follows:

> After review of the trial record in this case, the Court has determined that neither the omission of lifetime community supervision nor failure to award pretrial jail credits was a material element of the plea agreement. Therefore, this Court is of the opinion that the petitioner is entitled to relief; however, because the petitioner has not shown that the illegalities in his sentence resulted from a plea agreement, the only relief to which the petitioner is entitled is entry of . . . corrected judgments imposing lifetime community supervision and awarding the appropriate jail credits.

Pursuant to the order, the Lewis County Circuit Court entered corrected judgments on February 25, 2015, reflecting both community supervision for life and pretrial jail credit.

On April 22, 2015, the Petitioner filed a pro se petition for post-conviction relief in the Lewis County Circuit Court, arguing that he did not enter his guilty pleas knowingly, voluntarily, and understandingly because he did not know when he pled guilty that he

would be subject to community supervision for life and that he should be allowed to withdraw his pleas. In the petition, the Petitioner stated that "[i]t is the **February 25, 2015**, Corrected Judgment Orders that is the subject of this petition for Post Conviction relief." The post-conviction court found that the petition stated a colorable claim and appointed counsel.

The State filed a motion to dismiss the petition on the basis that it was untimely because the one-year statute of limitations began to run on March 17, 2014, when the Lewis County Circuit Court entered the amended judgments reflecting the Petitioner's community supervision for life, not February 25, 2015, when the court entered the judgments reflecting the addition of pretrial jail credit. In support of its argument, the State relied on Dennis J. Rountree, Jr., v. State, No. M2008-02527-CCA-R3-PC, 2009 WL 3163132, at *1 (Tenn. Crim. App. at Nashville, Oct. 2, 2009), in which this court stated that "the failure to include the mandatory supervision sentence as part of the judgment results in an illegal sentence, and, therefore does not merely constitute a clerical error," and State v. Bobby Blackmon, No. M2002-00612-CCA-R3-CO, 2003 WL 21250809, at *1 (Tenn. Crim. App. at Nashville, May 30, 2003), perm. to appeal denied, (Tenn. Oct. 6, 2003), in which this court stated that "a dispute over the award of jail credit is not proper for habeas review since even if the appellant is correct his sentence would not be void nor would it have expired." (Citation omitted.)

On August 28, 2015, the trial court held a hearing regarding the timeliness of the petition. At the hearing, post-conviction counsel conceded that the one-year statute of limitations began to run on March 17, 2014, but claimed that due process required tolling the statute of limitations until late May 2014, when the Petitioner received actual notice that the trial court had filed the amended judgments. Counsel argued that the April 22, 2015 pro se petition for post-conviction relief was timely because the Petitioner filed it within one year of his learning about the amended judgments. During the hearing, the Petitioner submitted an affidavit stating that he did not receive notice of the March 17, 2014 judgments "until the latter part of May 2014." On December 9, 2015, the post-conviction court entered an order denying the petition on the basis that it was filed outside the one-year statute of limitations. In the order, the post-conviction court found as follows:

> (i) Petitioner had actual knowledge, on or about February 18, 2014, that community supervision for life would be added to his sentence; (ii) Petitioner's original judgment was amended on March 17, 2014 to add community supervision for life; (iii) Petitioner received actual notice of the entry of the amended judgment in late May 2014; (iv) Petitioner had a fair and adequate opportunity to file his post-conviction relief

petition from February 18, 2014 onward; (v) Petitioner knew that the habeas court had failed to address the issue of jail credits in the February 18, 2014 order; however, the subsequent correction adding jail credits, unlike the amendment imposing community supervision for life, does not, as a matter of law, restart the running of the PCR statute of limitations.

## II.  Analysis

On appeal, the Petitioner maintains that due process required tolling the statute of limitations until late May 2014, when he received actual notice of the March 17, 2014 amended judgments.  At oral argument, the Petitioner acknowledged that upon learning about the amended judgments, he still had ten months in which to file a timely petition but noted that in Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court refused to apply a limitations period strictly even when a defendant had ten months to file a petition for post-conviction relief.  The State argues that the post-conviction court properly denied the petition.  We agree with the State.

"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103.  To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence.  See Tenn. Code Ann. § 40-30-110(f).  The post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).  We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct.  See id.  However, we will review the post-conviction court's conclusions of law purely de novo.  Id.

To obtain relief,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

- 4 -

Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Tenn. Code Ann. § 40-30-102(a).

Tennessee Code Annotated section 40-30-102(b) provides that "[n]o court shall have jurisdiction to consider a petition [for post-conviction relief] filed after the expiration of the limitations period" except in one of three narrow circumstances. The three exceptions are: (1) claims based on a newly recognized constitutional right that applies retroactively, and the petition is filed within one year of the ruling recognizing that right; (2) claims based on new scientific evidence that proves that the prisoner is innocent of the offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction that was subsequently held to be invalid. Tenn. Code Ann. § 40-30-102(b).

Our supreme court has held that due process may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d at 361). In explaining the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." Whitehead, 402 S.W.3d at 631. Moreover, tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. at 631-32 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Prior to Whitehead and Bush, the court had specifically identified the following three circumstances in which due process requires tolling the statute of limitations: (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents compliance with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

Here, the failure to include the community supervision for life provision rendered the Petitioner's sentence illegal; thus, the judgment of conviction was void. State v. Bronson, 172 S.W.3d 600, 601-602 (Tenn. Crim. App. 2005). The failure to award him pretrial jail credit, however, did not render the sentence illegal. State v. Brown, 479 S.W.3d 200, 213 (Tenn. 2015); Cory O'Brian Johnson v. State, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. at Jackson, Aug. 30, 2016). Accordingly, the one-year statute of limitations began to run on March 17, 2014, when the trial court filed the amended judgments, not February 25, 2015, when the trial court filed the corrected judgments for pretrial jail credit. The Petitioner filed his pro se petition more than one year later on April 22, 2015.

The Petitioner does not allege any of the statutory exceptions to the one-year statute of limitations. He also does not allege that his claim for post-conviction relief arose after the statute of limitations expired, that his mental incompetence prevented compliance with the statute of limitations, or that his attorney committed misconduct. Instead, he argues that he late-filed his petition because he did not receive actual notice that the amended judgments had been filed until late May 2014. However, this court has "refuse[d] to engraft a discovery rule of the statute of limitations in post-conviction cases." Passarella v. State, 891 S.W.2d 619, 625 (Tenn. Crim. App. 1994); James Marvin Martin v. State, No. E2004-00740-CCA-R3-PC, 2004 WL 2280425, at *3 (Tenn. Crim. App. at Knoxville, Oct. 11, 2004), perm. to appeal denied, (Tenn. Feb. 28, 2005). In any event, even though the Petitioner learned about the amended judgments in late May 2014, he still had ten months in which to file his petition, and he has offered no explanation for why he failed to do so. Therefore, under these facts, we cannot conclude that the Petitioner was diligently pursuing his rights or that some extraordinary circumstance prevented him from timely filing.

The Petitioner argues that we should conclude, as did our supreme court in Burford, that the circumstances of this case justify tolling the statute of limitations even when a defendant still has time in which to file a petition. The instant case, though, is quite distinguishable from Burford. In Burford, "the petitioner's sentence was enhanced by previous convictions that had subsequently been declared invalid, but not invalidated in time for him to meet the statute of limitations for filing his post-conviction petition." Jerry L. Bell v. State, No. W2013-00176-CCA-R3-PC, 2013 WL 9570548, at *4 (Tenn. Crim. App. at Jackson, Sept. 4, 2013) (citing Burford, 845 S.W.2d at 208). As a result, our supreme court described the petitioner as "caught in a procedural trap" and concluded that his due process rights would be violated if the statute of limitations were not tolled. Burford, 845 S.W.2d at 208. The Petitioner in the instant case was not deprived of the full limitations period because he was caught in a procedural trap. To the contrary, his pro se petition indicates that he erroneously believed he had one year from February 25, 2015, to file his petition. Thus, we conclude that the Petitioner was "provided an

opportunity for the presentation of claims at a meaningful time and in a meaningful manner," <u>Burford</u>, 845 S.W.2d at 208, and that due process does not require the tolling of the statute of limitations. The post-conviction court properly denied the petition.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE