IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 16, 2019 Session

## ANTHONY LESLIE v. STATE OF TENNESSEE, ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 78980     Royce Taylor, Judge**

_____

### No. M2018-00856-CCA-R3-HC

_____

Petitioner, Anthony Leslie, appeals from the dismissal of his petition for writ of habeas corpus relief. Petitioner alleged that an amended judgment of the Davidson County Criminal Court adding a provision requiring community supervision for life is void because it was entered after his sentence had expired. Upon consideration of the record and the applicable authorities, we reverse the judgment of the habeas corpus court and grant habeas corpus relief to Petitioner. The amended judgment of the Davidson County Criminal Court is vacated, and Petitioner shall not be subject to community supervision for life in Davidson County Criminal Court case number 99-D-2865.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

Jessica Van Dyke, Nashville, Tennessee, for the appellant, Anthony Leslie.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Jennings Hutson Jones, District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Procedural history*

On March 23, 2000, in the Davidson County Criminal Court, Petitioner pleaded guilty to one count of attempted aggravated rape and was sentenced to eight years' probation in case number 99-D-2865. In 2001, Petitioner's probation was revoked, and he was ordered to serve the remainder of his sentence in confinement. The record reflects

that Defendant was released from confinement on September 10, 2006, upon the expiration of his sentence.

At some point after September 10, 2006, the Davidson County trial court signed without dating an amended judgment form. Petitioner alleges, and the State acknowledges, that the exact date the subject amended judgment was signed by the Davidson County trial court is unknown. There is no "filed" stamp by the trial court clerk. The trial court judge left blank a line next to his name which is provided to reflect the date the amended judgment was entered. The State does not dispute that the amended judgment was signed by the Davidson County trial court judge several years after Petitioner was discharged from his sentence by the Tennessee Department of Correction on September 10, 2006, upon completion of his sentence for attempted aggravated rape. It appears from documents in the record that the amended judgment was created in late 2011 or early 2012. Petitioner asserts that community supervision for life was neither part of his agreed upon sentence, nor was he ever notified of the condition by his attorney.

On February 16, 2018, Petitioner filed a petition for writ of habeas corpus relief in the Circuit Court of Rutherford County, where he resides. Petitioner asserted that the imposition of community supervision for life after his full sentence had expired renders the amended judgment void and constitutes a restraint on his liberty. A hearing was held at which no evidence was presented, but the habeas corpus court heard arguments from both parties. The court concluded that community supervision for life was required by Tennessee Code Annotated section 39-13-524 and dismissed the petition. Petitioner now appeals.

*Analysis*

Petitioner contends that the amended judgment imposing the condition of community supervision for life is void, and the habeas corpus court should have granted his petition. The State responds that the court properly dismissed the petition because community supervision for life is a mandatory condition of Petitioner's sentence, the original judgment omitting that provision is illegal, and the amended judgment properly corrected an illegal judgment.

The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack

of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 189 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex. rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers*, 212 S.W.3d at 256. On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor*, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without the appointment of counsel or an evidentiary hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* T.C.A. § 29-21-109; *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 39-13-524 requires a defendant convicted of certain offenses enumerated therein to receive lifetime community supervision in addition to the sentence imposed for such offenses. *See Ward v. State*, 315 S.W.3d 461 (Tenn. 2010). "[F]ailure to include the community supervision for life provision" in a judgment results in an illegal sentence. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005).

The original judgment filed in Petitioner's case did not include the provision for lifetime community supervision, which omission contravened Code section 39-13-524's requirement that "[t]he judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that the person is sentenced to community supervision for life." T.C.A. § 39-13-524(b). Petitioner's conviction offense is included within subsection (a). Consequently, the sentence as originally expressed was illegal. Petitioner argues that because he was not advised of the lifetime community supervision condition at the time of his guilty plea, the amended judgment was not entered to correct a clerical error or to conform the judgment to the record. We agree. A clerical error can be corrected at any time. Tenn. R. Crim. P. 36. However, for the omission of "community supervision for life" to be a clerical error in Petitioner's case, that provision would have to have been included at some stage of the proceedings prior to or contemporaneous with the original judgment entered March 23, 2000. *See Cantrell v. Easterling*, 346 S.W.3d 445, 449 n.2 (Tenn. 2011).

Filed with the petition for habeas corpus relief (in which Petitioner is represented by counsel) are the following documents:

(1) Petitioner's affidavit;
(2) The undated amended judgment which is the subject of this appeal;
(3) Tennessee Department of Correction letter of discharge upon completion of Petitioner's sentence;
(4) The original judgment entered on March 23, 2000;
(5) Judgments entered June 30, 2000, and November 14, 2001, pertaining to revocations of probation;
(6) The petition to enter a plea of guilty to the offense of attempted aggravated rape on March 23, 2000;
(7) The order granting petition to plead guilty;
(8) The transcript of the guilty plea hearing;
(9) Affidavit of Petitioner's counsel who represented him at the time he pled guilty;
(10) Records from the Tennessee Department of Correction which show lifetime supervision not included until October 2011;
(11) An affidavit of the Courts Director for the 20th Judicial District of Tennessee, comprising Davidson County;
(12) Specialized Probation Conditions signed by Petitioner on January 11, 2012;
(13) A Community Supervision for Life Certificate dated March 14, 2012.

The only documents that mention "community supervision for life" are (1) the last two documents dated in 2012, over five years after Petitioner had completed the entire sentence set forth in the original judgment entered March 23, 2000, and (2) the Tennessee Department of Correction record showing lifetime supervision was not imposed until October 2011. Community supervision for life was not listed as part of the punishment in the petition to plead guilty; by Petitioner's attorney at the time; by the State at the guilty plea hearing; nor by the trial court at the guilty plea hearing. Thus, the error was not a clerical error. Therefore, the original 2000 judgment was an illegal judgment. However, Petitioner contends that the trial court was without jurisdiction to amend the original 2000 illegal judgment "because the sentence had long expired." We agree.

It is clear from the record that the amended judgment adding community supervision for life was not created until several years after Petitioner had fully served in all aspects the sentence actually imposed in the original judgment entered on March 23, 2000. Some matters in the procedure leading up to creation of the amended judgment raise questions about the validity of the amended judgment. These include the lack of notice to Petitioner prior to creation of the amended judgment, even though an assistant

district attorney signed the amended judgment; the lack of prior notice to Petitioner's trial counsel; no record of a motion to amend the judgment being filed by the State; no record in the trial court clerk's office of the matter being docketed or the amended judgment ever being filed; and no date on the amended judgment showing when it was created. However, addressing these circumstances is not necessary for our disposition of this appeal.

In *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), our supreme court addressed the parameters of when an illegal sentence can be corrected by a trial court pursuant to Tennessee Rule of Criminal Procedure 36.1, which allows a court, on motion of a defendant or the State, to correct an illegal judgment. Rule 36.1 was not enacted until 2013, after the trial court created the amended judgment in this case. However, in *Brown*, the court held that Rule 36.1 does not expand the scope of relief which exists in habeas corpus proceedings. In its analysis, the court cited its prior decisions holding that habeas corpus relief as a result of an illegal sentence applies *only* to *unexpired* illegal sentences. *Id*. at 206-07 (citing *Moody v. State*, 160 S.W.3d 512 (Tenn. 2005); *Benson v. State*, 153 S.W.3d 27 (Tenn. 2004); *Hickman*, 153 S.W.3d at 20).

If an obviously illegal sentence cannot be corrected by a trial court upon request by a defendant if the sentence contained within the original judgment has expired, then it is clear that an illegally lenient sentence also cannot be corrected by the trial court either sua sponte or at the urging of the State after the sentence contained in the original judgment has expired. This limitation was clearly adopted by our supreme court in *Brown* as to Rule 36.1, which as noted by that opinion has the same scope of relief as habeas corpus proceedings. *Brown*, 479 S.W.3d at 211. In reaching this conclusion, the *Brown* court quoted from *Commonwealth v. Selavka*, 469 Mass. 502, 14 N.E.3d 933, 941 (2014):

> [W]e conclude that even an illegal sentence will, with the passage of time, acquire a finality that bars further punitive changes detrimental to the defendant. Accordingly, in the circumstances here, the delayed correction of the defendant's initial sentence, in which he by then had a legitimate expectation of finality, violated double jeopardy and cannot stand.

*Brown*, 479 S.W.3d at 211 (internal quotations omitted).

The State argues that Petitioner's sentence has not expired because only the incarceration part of his sentence has been completed. Therefore, the challenged amended judgment is valid. This interpretation was rejected in *Brown*, explicitly as to Rule 36.1 and implicitly as to amended judgments applied to situations where the

sentence in the original judgment has expired as to the habeas corpus matters. *Id*. Petitioner is entitled to relief in this appeal.

Under the authorities cited, the undated amended judgment in Davidson County Criminal Court case number 99-D-2865, wherein the special condition was handwritten, "Amended to correct Judgment to reflect Lifetime Supervision" is a void and illegal judgment. It purports to correct a judgment after the sentence had expired. To be clear, the Davidson County trial court was without jurisdiction to amend the original 2000 judgment because Petitioner's sentence had expired. The judgment of the habeas corpus court is reversed, and Petitioner is granted habeas corpus relief. The challenged amended judgment is void and vacated. As there is no need for a hearing in the Davidson County Criminal Court, in addition to remanding the habeas corpus case to the habeas corpus court, being the Rutherford County Circuit Court, we further direct the clerk to forward a copy of this opinion and judgment to the Davidson County Criminal Court Clerk to be filed in case number 99-D-2865, *State v. Anthony Leslie*.

Furthermore, the State is directed to notify the Board of Probation and Parole, Division of Board Operations, that Petitioner is no longer subject to the provisions set forth in Petitioner's Community Supervision Certificate.

CONCLUSION

For the reasons stated herein, the judgment of the habeas corpus court is reversed, the petition for habeas corpus relief is granted, and the amended judgment of the Davidson County Criminal Court, which is the subject of the petition for writ of habeas corpus herein, is vacated as being void and illegal. Furthermore, the clerk of the appellate court shall forward a certified copy of this opinion and judgment to the clerk of the Davidson County Criminal Court to be filed in case number 99-D-2865, *State v. Anthony Leslie*. The State, through the Attorney General's office, shall notify the Tennessee Board of Probation and Parole, Division of Board Operations, that Petitioner is no longer subject to the provisions set forth in Petitioner's Community Supervision Certificate.

_____
THOMAS T. WOODALL, JUDGE