STATE of Tennessee

v.

Michael Wayne West BRONSON

and

State of Tennessee

v.

James Jay Webster

and

State of Tennessee

v.

Jeremy Dean Hargrove

and

State of Tennessee

v.

Christopher George Baxley

and

State of Tennessee

v.

James L. Norman

and

State of Tennessee

v.

Jason Edward Luther

and

State of Tennessee

v.

David Earl Stamps

and

State of Tennessee

v.

Thomas Neal Turner.

Court of Criminal Appeals of Tennessee,
at Jackson.

Assigned on Briefs Oct. 5, 2004.

Jan. 5, 2005.

Application for Permission to Appeal
Denied by Supreme Court

May 9, 2005.

———

Guy T. Wilkinson, District Public Defender, W. Jeffery Fagan, Assistant Dis-

trict Public Defender, for the appellants, Michael Wayne Best Bronson, James Jay Webster, Jeremy Dean Hargrove, Christopher George Baxley, James L. Norman, Jason Edward Luther, David Earl Stamps, and Thomas Neal Turner.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

The Henry County Circuit Court amended the defendants' judgments of convictions to reflect that their sentences included a term of community supervision for life pursuant to T.C.A. § 39–13–524. In this consolidated appeal, the defendants claim the trial court lacked jurisdiction to enter the order because of the passage of time since entry of the original judgments of conviction. We affirm the judgments of the trial court.

This case relates to the defendants' convictions for various sexual offenses. Pursuant to T.C.A. § 39–13–524, each of the defendants committed an offense requiring community supervision for life. However, none of the defendants' judgments of conviction reflected a sentence involving community supervision for life after release from the Department of Correction. The state subsequently filed a motion to amend the judgments to include application of community supervision for life, and the trial court granted the motion. The defendants now appeal, claiming the trial court was without jurisdiction to amend the judgments because too much time had elapsed between the entry of the judg-

ments and the entry of the amended judgments. The state asserts that the defendants' sentences without the community supervision for life provision were illegal, thereby permitting the trial court to correct the sentence at any time. We agree with the state.

■ The defendants' sole argument on appeal is that because more than 120 days had elapsed since the entry of the judgments of conviction in their cases, the trial court did not have jurisdiction to amend the judgments pursuant to Rule 35(b), Tenn. R.Crim. P. Rule 35 provides,

Correction or Reduction of Sentence.— (a) [Reserved.]

(b) Reduction of Sentence.—The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

We note that subsection (a) of Rule 35 has been reserved. Section (b) relates only to reduction of a sentence, not correction. Because subsection (b)'s jurisdictional limitation concerns only a sentence reduction, it is not relevant to the trial court's amending the defendants' sentences.

■ In any event, we hold that the failure to include the community supervision for life provisions rendered the defen-

dants' sentences illegal. Our supreme court has "recognized that a sentence imposed in direct contravention of a statute ... is void and illegal." *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn.2000). An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time. *See State v. Burkhart,* 566 S.W.2d 871, 873 (Tenn.1978); *Cox v. State,* 53 S.W.3d 287, 292 (Tenn.Crim.App. 2001).

The statute at issue in this case, T.C.A. § 39–13–524, provides,

> In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39–13–502, § 39–13–503, § 39–13–504, § 39–13–522, or attempts to commit a violation of any such section, shall receive a sentence of community supervision for life.

The defendants were all convicted of offenses enumerated in T.C.A. § 39–13–524. That statute specifies that such defendants shall be sentenced to community supervision for life. The trial court's failure to include these provisions in the original judgments of conviction was in direct contravention of the statute, and the resulting sentences were illegal. *See Stephenson,* 28 S.W.3d at 911. The trial court had jurisdiction to correct the illegal sentences by amending the judgments of conviction. *See Burkhart,* 566 S.W.2d at 873.

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.