IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## TRACY LYNN HARRIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 20CR1470     Donald E. Parish, Judge**

_____

**No. W2008-02507-CCA-R3-CD  - Filed May 15, 2009**

_____

The *pro se* petitioner, Tracy Lynn Harris, appeals from the Carroll County Circuit Court's denial of his motion to withdraw his guilty pleas.  Following our review, we affirm the denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Tracy Lynn Harris, Petros, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Hansel Jay McCadams, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

FACTS and PROCEDURAL HISTORY

On March 20, 2000, the petitioner pled guilty in the Carroll County Circuit Court to one count of first degree felony murder and one count of aggravated rape in exchange for concurrent terms of life without parole and twenty years as a violent offender at one hundred percent release eligibility.  Pursuant to the terms of his guilty plea agreement, two other counts of the indictment charging him with especially aggravated burglary and first degree murder were dismissed.

At this point, the procedural history of the case becomes somewhat confusing, due in large part to the petitioner's having filed various *pro se* motions while apparently represented by counsel. According to the petitioner's brief, on July 13, 2006, he filed a petition for a writ of habeas corpus in the Morgan County Criminal Court; on July 20, 2006, counsel was appointed to represent him; and on September 15, 2008, a hearing was conducted on the matter.  It appears that the petitioner alleged in the petition that his twenty-year rape sentence was illegal and void because the judgment

form did not include the requirement of community supervision for life. See Tenn. Code Ann. § 39-13-524 (2006). On October 8, 2008, the Morgan County Criminal Court entered an order denying habeas corpus relief on the convictions but remanding the case to the Carroll County Circuit Court for entry of an amended judgment for the petitioner's aggravated rape conviction "so as to direct a sentence of community supervision for life, pursuant to Tenn. Code Ann. § 39-13-524 and State v. Bronson, 172 S.W.3d 600 (Tenn. Crim. App. 2005)."

On October 16, 2008, the petitioner filed a *pro se* motion in the Carroll County Circuit Court to withdraw his guilty pleas, arguing, *inter alia*, that his guilty pleas were unknowing and involuntary because he was not informed of the lifetime community supervision. He further argued that the pleas, which did not include the provision for community supervision, resulted in the imposition of an illegal sentence. He followed that motion with an amended *pro se* motion to withdraw guilty pleas, raising similar arguments, which was filed on October 23, 2008, and a *pro se* motion to withdraw the October 16, 2008, motion, filed on October 27, 2008. In the meantime, on October 20, 2008, the petitioner, through counsel, filed a notice of appeal in the Morgan County Criminal Court "from the final judgment entered in this action on or about the 10th day of October, 2008."

On October 22, 2008, the Carroll County Circuit Court entered an order denying the petitioner's *pro se* motion to withdraw guilty pleas on the basis that the motion was untimely. On October 23, 2008, the circuit court clerk for Carroll County filed a copy of the Morgan County Criminal Court's October 8, 2008, order denying the petition for writ of habeas corpus. Finally, on October 29, 2008, the petitioner filed a *pro se* notice of appeal in the Circuit Court of Carroll County "from the final judgment entered in this action on 22 day of October, 2008."

## ANALYSIS

The State interprets the petitioner's *pro se* notice of appeal as his attempt to appeal the Carroll County Circuit Court Clerk's October 23, 2008, entry of the copy of the Morgan County Criminal Court's order denying the petition for writ of habeas corpus. The State points out that the petitioner's appeal from the order denying habeas corpus relief is pending before this court in a separate case and argues that this current appeal should be dismissed because the petitioner has no right of appeal from the October 23, 2008, action of the Carroll County Circuit Court Clerk in entering a copy of that order. However, having the benefit of the petitioner's reply brief, we believe that he is actually appealing the Carroll County Circuit Court's denial on October 22, 2008 of his motion to withdraw his guilty pleas.

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a motion to withdraw a guilty plea for any fair and just reason before the sentence has been imposed. Tenn. R. Crim. P. 32(f)(1). The rule further provides that after the sentence has been imposed but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003).

The petitioner argues that because the convicting court has not yet entered an amended or corrected judgment in his aggravated rape case, the sentence has not yet been imposed and his motion to withdraw his guilty pleas is therefore timely. He acknowledges that he currently has an appeal of the denial of his petition for writ of habeas corpus pending before the eastern section of this court, but maintains that the "Habeas Corpus Courts [sic] Final Judgment Appeal is a separate matter which is irrelevant in this action." We respectfully disagree. The petitioner relies on the judgment of the habeas corpus court for his argument as to the timeliness of his motion to withdraw his guilty pleas and is, in essence, attempting in his *pro se* motions to obtain the same relief he sought in his petition for writ of habeas corpus. In this case, the petitioner's conviction became final thirty days after the March 20, 2000, entry of his judgments of conviction. Thus, the Carroll County Circuit Court properly denied his motion to withdraw his guilty pleas as untimely. As the Morgan County Criminal Court noted in its order, this court has concluded that a trial court has jurisdiction to correct an illegal sentence at any time. See Bronson, 172 S.W.3d at 602 (holding that judgment that failed to include statutory requirement of community supervision for life resulted in illegal sentences, which trial court had jurisdiction to correct by amending judgments of conviction). Furthermore, our supreme court has concluded that "where the illegality infects only the sentence, only the sentence is rendered void and habeas corpus relief may be granted to the extent of the sentence only." Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006).

## CONCLUSION

Because the petitioner filed his motion to withdraw his guilty pleas well beyond the time provided in Rule 32(f) of the Tennessee Rules of Criminal Procedure, we affirm the trial court's denial of the motion.

_____
ALAN E. GLENN, JUDGE