IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 19, 2009 Session

## DENNIS J. ROUNTREE, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 2002-A-545     Seth Norman, Judge**

---

**No. M2008-02527-CCA-R3-PC - Filed October 2, 2009**

---

The Petitioner, Dennis J. Rountree, Jr., appeals from the summary dismissal of his petition for post-conviction relief. The post-conviction court dismissed the petition because it found the petition to be barred by the statute of limitations. Following our review, we reverse the order of dismissal and remand this case to the post-conviction court for a hearing on the merits of the petition.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

David L. Raybin and Sarah S. Richter, Nashville, Tennessee, for the appellant, Dennis J. Rountree, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was originally charged with six counts of aggravated sexual battery. He pleaded guilty to two counts of attempted aggravated sexual battery, judgments on those counts being entered against him on July 18, 2002. Those judgments reflect a sentence of six years on each count, to be served concurrently, with all but nine months of the resulting six-year sentence to be served on probation. The judgments reflect that the Petitioner was to be treated as a sex offender and placed on the sex offender registry, but do not reflect that he was also to be sentenced to community supervision for life after the expiration of his sentence, pursuant to Tennessee Code Annotated section 39-13-524. On June 25, 2008, corrected judgments were entered adding community supervision for life. The Petitioner then, on September 11, 2008, filed a petition for post-conviction relief contending that he received the ineffective assistance of counsel when entering his plea because he was not made aware of the community supervision requirement. The post-conviction

court summarily dismissed the petition as barred by the one-year statute of limitations. In this appeal, the Petitioner contends that this dismissal was error.

The post-conviction court dismissed the petition for post-conviction relief based on its holding that the omission of community supervision from the Petitioner's original judgment forms was a clerical error and thus correctable at any time under Rule 36 of the Tennessee Rules of Criminal Procedure. The post-conviction court also noted this Court's holding that "correction of a judgment pursuant to Rule 36 does not extend the statutory period for filing a petition for post-conviction relief." Kenneth J. Hall v. State, No. E2000-01522-CCA-R3-PC, 2001 WL 543426, at *3 (Tenn. Crim. App., Knoxville, May 23, 2001) (citation omitted).

Tennessee Code Annotated section 39-13-524(a) states that, "[i]n addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502, § 39-13-503, § 39-13-504, § 39-13-522, or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life." The Petitioner pleaded guilty of attempting to violate Tennessee Code Annotated section 39-13-504 as a result of conduct that took place after July 1, 1996. This Court has held that the failure to include the mandatory community supervision sentence as part of a judgment results in an illegal sentence, see State v. Bronson, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005), and therefore, does not merely constitute a clerical error. As such, the Petitioner's judgments became final on June 25, 2008, the day the corrected judgments were entered. See Dennis Eugene Evans v. State, No. E2004-01059-CCA-R3-PC, 2004 WL 2853296, at *2 (Tenn. Crim. App., Knoxville, Dec. 13, 2004). The one-year statute of limitations accordingly began to run on that date. Id.; see also Tenn. Code Ann. § 40-30-102(a). Because the Petitioner filed his petition for post-conviction relief within a year of that date, it is not necessary for us to decide whether due process would require us to toll the statute of limitations had the Petitioner not received notice of the corrected judgment until more than one year after its entry.

Because the Petitioner filed his petition within the limitations period, we conclude, and the State concedes, that he has demonstrated he is entitled to reversal of the post-conviction court's dismissal of his petition and a remand for an evidentiary hearing on the claims therein.

The Petitioner additionally asks us to vacate his guilty plea because he was not informed about the community supervision requirement before entering the plea, either by his trial counsel or the accepting court, and therefore, did not enter his plea voluntarily and intelligently. See Hill v. Lockhart, 474 U.S. at 56 (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Although the dismissal of his petition prevented the Petitioner from developing a full record, he has included as an attachment to his brief an affidavit from Stephen G. Young, his lead trial counsel, in which Mr. Young affirms that he was unaware of the community supervision requirement at the time the Petitioner pleaded guilty, that he therefore did not discuss it with the Petitioner, and that to his knowledge the Petitioner was not aware of the requirement.

The Petitioner also argues that the trial court's failure to advise him of the supervision-for-life consequence of his conviction constituted a "fatal flaw" in his guilty plea which is "per se erroneous." The Petitioner asserts that this precise issue is pending in the Tennessee Supreme Court. See Marcus Ward v. State, No. W2007-01632-CCA-R3-PC, 2009 WL 113236, at *11 (Tenn. Crim. App., Jackson, Jan. 14, 2009), perm. to appeal granted, (Tenn. Apr. 27, 2009). Regardless, we conclude that an evidentiary hearing is necessary to afford the State the opportunity to rebut the Petitioner's claimed lack of knowledge or allow the post-conviction court to consider whether any lack of knowledge the Petitioner might prove by clear and convincing evidence affected his decision to plead guilty. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999).

## Conclusion

Based on the foregoing authorities and reasoning, we reverse the post-conviction court's summary dismissal of the Petitioner's petition for post-conviction relief and remand for an evidentiary hearing consistent with this opinion.

_____
DAVID H. WELLES, JUDGE