IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 26, 2019 Session

## STEVEN DOUGLAS FISH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Blount County**
**Nos. C-25826, C-11246    David Reed Duggan, Judge**

_____

**No. E2018-01545-CCA-R3-HC**
_____

Petitioner, Steven Douglas Fish, appeals the habeas corpus court's dismissal of his petition for habeas corpus relief.  We conclude that Petitioner is not entitled to habeas corpus relief because Petitioner's judgment is not void and that Petitioner is not entitled to post-conviction relief because his petition was filed outside of the statute of limitations period.  Accordingly, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined and CAMILLE R. MCMULLEN, J., concurred in results only.

Andy Long, Maryville, Tennessee, for the appellant, Steven D. Fish.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Mike L. Flynn, District Attorney General; and Tracy Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Blount County Grand Jury indicted Petitioner for aggravated sexual battery on August 31, 1998.  Petitioner negotiated a best interest plea agreement pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) whereby he would plead guilty to attempted rape of a child in exchange for an eight-year split confinement sentence.  Petitioner's sentence specifically required him to serve thirty days in incarceration before serving the remainder of the sentence on probation.  The State amended the indictment to allege attempted rape of a child, and on March 10, 1999, the trial court entered a judgment document memorializing Petitioner's plea.  Neither the written plea agreement nor the March 10th judgment document mentions community supervision for life as a condition

of the conviction. In August of 2001, the trial court revoked Petitioner's probation and ordered him to serve his sentence in incarceration. Petitioner appealed the revocation of his probation, but this Court affirmed the trial court's revocation. *State v. Steven D. Fish*, No. E2001-02200-CCA-R3-CD, 2002 WL 31249915, at *6 (Tenn. Crim. App. Oct. 8, 2002) *perm. app. denied* (Tenn. Feb. 3, 2003).

On September 19, 2003, the Tennessee Department of Correction (TDOC) sent a letter to the trial court and pointed out that the March 10th judgment document did not indicate that Petitioner was subject to community supervision for life pursuant to Tennessee Code Annotated section 39-13-524. Nearly five years later, on May 1, 2008, the trial court entered an amended judgment reflecting that Petitioner was to receive community supervision for life. Almost ten years after that, on April 9, 2018, Petitioner filed a petition for a writ of habeas corpus, alleging that his judgment of conviction was void on its face and that his sentence was illegal.

Petitioner testified at the hearing on his petition for a writ of habeas corpus. Petitioner claimed that, at the time of his plea, he was not aware that he would be subject to community supervision for life. Petitioner was scheduled to be released from TDOC custody on May 21, 2008, and he claimed that he was not made aware at that time of the amendment of the judgment in this case. Upon his release, Petitioner was informed that he had forty-eight hours to report to probation, even though he believed that his sentence had expired. Petitioner went to the probation office on the next day to "figure out" the issue, and he met with the same probation officer that had initiated his revocation. According to Petitioner, the probation officer said, "[Y]ou've been sentenced to supervision for life, the judge changed your agreement." The probation officer provided Petitioner with papers to sign for his supervision. Petitioner looked at her and said, "No." After some back and forth between Petitioner and the probation officer, she asked Petitioner, "[A]re you refusing to sign [the supervision paperwork]?" "I guess I'm refusing to sign it," said Petitioner. Petitioner remembered her saying, "[Y]ou're not in compliance, I'm going to take your refusal to sign to the magistrate[,] and I'm going to have you arrested and charged with violation of supervision for life for not being in compliance." Fearing a return to prison, Petitioner signed the supervision paperwork.

Petitioner admitted on cross-examination that he did not speak to a lawyer about his supervision for life around the time that he had the conversation with the probation officer. In fact, Petitioner admitted that he did not speak to a lawyer about the situation until 2018, when Petitioner incurred new charges.

After hearing Petitioner's testimony and argument from both parties, the habeas corpus court found that Petitioner was aware of the requirement to participate in community supervision for life in his amended judgment and that the Petitioner had acquiesced to the supervision for approximately ten years. Accordingly, the habeas

corpus court dismissed Petitioner's habeas corpus petition. In response to Petitioner's alternative argument that he should receive post-conviction relief, the trial court found that Petitioner had acquiesced in the matter for ten years and that the petition was filed beyond the statute of limitations.

*Analysis*

*I. Habeas Corpus Relief*

Petitioner argues that the original March 10, 1999 judgment was void and that the trial court illegally amended the March 10th judgment. The State contends that the trial court properly amended the March 10th judgment that contained an illegal sentence and that the amended judgment was not void. We agree with the State.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*. The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

The March 10th judgment did not provide for a sentence including community supervision for life, and that omission renders the sentence illegal under Tennessee Code Annotated section 39-13-524(b), which states, "The judgment of conviction . . . shall include that the person is sentenced to community supervision for life." *See* T.C.A. § 39-13-524(a)(3) (requires community supervision for life for attempted rape of a child). Because the March 10th judgment was void, the trial court had jurisdiction to amend or correct that judgment. *See State v. Bronson*, 172 S.W.3d 600, 602 (Tenn. Crim. App.

2005) ("An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time."). However, the amended judgment in this case, which properly provides for community supervision for life, is not void. Additionally, the fact that Petitioner was unaware of the amendment does not render the amended judgment void. *See State v. Carl David Roe*, No. E2018-00609-CCA-R3-CD, 2019 WL 764544 at *1, *5 (Tenn. Crim. App. Feb. 21, 2019) (determining that an amended judgment was not void when the defendant claimed that the amendment had been made without his knowledge or consent), *no perm. app. filed*. Accordingly, Petitioner is not entitled to habeas corpus relief.

## II. *Post-Conviction Relief*

Petitioner also argues that he should be entitled to post-conviction relief and due process tolling of the one-year statute of limitations. The State replies that Petitioner is not entitled to tolling of the statute of limitations, and thus, his claim to post-conviction relief is time barred. We agree with the State.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

A post-conviction petitioner must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final[.]" T.C.A. § 40-30-102(a). "Upon the entry of an amended judgment, however, the one-year statute of limitations period for post-conviction relief is reset." *Steven Padgett King v. State*, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, *1 (Tenn. Crim. App. Aug. 30, 2017), *no perm. app. filed*. A post-conviction court may consider a petition after the expiration

of the limitations period when the claim in the petition involves the retroactive application a new constitutional right, new scientific evidence of actual innocence, or relief from a sentence that was enhanced by a previous conviction that has been held invalid. T.C.A. § 40-30-102(b). Additionally, our supreme court has held that "a petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, Petitioner only argues that he is entitled to due process tolling under *Whitehead*. However, Petitioner cannot establish that he has pursued his rights diligently. Petitioner knew of the requirement for supervision for life when his probation officer informed him of the requirement upon his release in 2008. Yet, Petitioner did not raise the issue for nearly ten years. Petitioner clearly acquiesced to the requirement of supervision for life, and a ten-year delay in filing for relief is certainly not diligent. Thus, Petitioner is not entitled to tolling of the statute of limitations, and Petitioner is not entitled to post-conviction relief.

*Conclusion*

For the aforementioned reasons, the judgment of the habeas corpus court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE