IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 15, 2019 Session

## DANIEL G. CARR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Macon County**
**Nos. 99-CR-93, 99-CR-94, 99-CR-95,    Brody Kane, Judge**
**99-CR-96, 99-CR-97, 99-CR-98**

———————————

**No. M2017-01389-CCA-R3-PC**

———————————

ROBERT H. MONTGOMERY, JR., J., concurring in part; dissenting in part.

I concur with the majority's conclusions to reverse the judgment of the post-conviction court and to remand this case for consideration of whether due process requires tolling of the one-year statute of limitations and, if so, whether the Petitioner is entitled to post-conviction relief. However, I respectfully disagree with the majority's conclusion that the Petitioner is entitled to habeas corpus relief.

The record reflects that the Petitioner pleaded guilty to offenses enumerated in Code section 39-13-524(a) (2018), requiring a sentence of community supervision for life. However, the original judgments of conviction did not reflect a sentence of lifetime supervision. The Petitioner conceded at oral argument that the original judgments of conviction contained illegal sentences because they did not reflect the sentence of community supervision for life. Code section 39-13-524(b) requires a judgment of conviction to reflect that a defendant has received "a *sentence* of community supervision for life" when convicted of the enumerated offenses. (Emphasis added). This court has concluded that "the failure to include the community supervision for life provision [on the judgments of conviction] rendered the . . . sentences void." *State v. Bronson*, 172 S.W.3d 600, 601-602 (Tenn. Crim. App. 2005); *see Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011) (concluding that an illegal sentence is "one which is in direct contravention of the express provision of [an applicable statute], and consequently [is] a nullity") (internal quotations and citation omitted). The failure to include community supervision for life on the judgments of conviction was in direct contravention of Code section 39-13-524(a).

As a result, the original judgments of conviction reflected illegal sentences, which rendered them void. *See* T.C.A. § 29-21-101 (2012); *see also Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). "An illegal sentence renders a judgment void, and a trial court may correct it at any time." *Bronson*, 172 S.W.3d at 602. Therefore, the

trial court had the authority to amend the judgments. The amended judgments of conviction before this court corrected the illegality, reflect the proper sentence of lifetime community supervision, and are not void. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993) (determining that a judgment is void if it appears from its face or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). Because the amended judgments of conviction at issue in this appeal do not reflect an illegal sentence, they are not void. Therefore, I conclude that the Petitioner is not entitled to habeas corpus relief.

Furthermore, I disagree with the majority's conclusion that the trial court did not have jurisdiction to amend the original judgments because the Petitioner's sentences had expired. *See generally State v. Brown*, 479 S.W.3d 200 (Tenn. 2015); *Anthony Leslie v. State*, No. M2018-00856-CCA-R3-HC, 2019 WL 3814623 (Tenn. Crim. App. Aug. 14, 2019), *no perm. app. filed*. Community supervision for life is "a sentence" in addition to any term of confinement. *See* T.C.A. § 39-13-524(a) ("In addition to the punishment authorized by the specific statute prohibiting the conduct, a person *shall receive a sentence* of community supervision for life . . . .") (Emphasis added). "The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs." *Id.* § 39-13-524(c). The plain language of the statute reflects that the sentence of community supervision for life begins, in relevant part, upon the expiration of the term of confinement. The Petitioner's original sentence included a ten-year sentence to serve in the Tennessee Department of Correction and lifetime community supervision for life, regardless of whether the parties and the trial court were aware of the sentence at the guilty plea hearing. The sentence of lifetime supervision was mandated by statute, and the failure to note it on the original judgments of conviction resulted in void judgments. Although the Petitioner's service requirement in the Tennessee Department of Correction had been completed at the time the amended judgments were entered, his lifetime supervision sentence had not expired.

For purposes of habeas corpus as a mechanism to correct an illegal sentence, it is irrelevant whether the Petitioner knew about the statutorily mandated sentence of lifetime supervision. Rather, the Petitioner's knowledge of lifetime supervision is a question of whether the Petitioner entered knowing and voluntary guilty pleas and whether he received the ineffective assistance of counsel, which are matters to be addressed in a petition for post-conviction relief. *See Calvert v. State*, 342 S.W.3d 477 (Tenn. 2011); *State v. Nagele*, 353 S.W.3d 112 (Tenn. 2011). I note that the Petitioner has raised these allegations properly in his post-conviction petition. The Petitioner's full sentences had not expired at the time the amended judgments of conviction were entered, and, as a result, the trial court had the authority to correct the illegal sentences contained in the judgments of conviction. I am

-2-

unwilling to conclude that the failure to notate the statutorily required lifetime supervision sentence on a judgment of conviction deprives a trial court of jurisdiction to amend the judgment after a defendant has completed a period of confinement.

Furthermore, this case is distinguishable from *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), which it relied upon by the majority. The defendant in *Brown* sought to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1 because the judgments of conviction reflected concurrent six-year sentences, rather than concurrent three-year sentences pursuant to a plea agreement. Long after having served the six-year sentences, the defendant sought to correct the illegality reflected in the judgments of conviction. However, our supreme court concluded that relief pursuant to a motion to correct illegal sentences is proper only when the relevant sentences have not expired. *Id*. at 203-212. The offenses involved in *Brown* were drug-related, and the sentences were limited to a finite period of confinement and did not include the sentence of community supervision for life. At the time the defendant in *Brown* sought relief, his sentences had fully expired, unlike in the present case. In *Brown*, the judgments of conviction reflected an incorrect number of years in confinement. In the present case, the judgment omitted the additional, separate, and distinct sentence of community supervision for life. *Brown* does not address the circumstances presented here.

The Petitioner's full sentences had not expired when the trial court entered the amended judgments, which corrected illegal sentences, and, therefore, the trial court had jurisdiction to cure the illegality. The judgments before this court do not reflect illegal sentences, and I would respectfully affirm the denial of habeas corpus relief.

_____
ROBERT H. MONTGOMERY, JR., JUDGE