IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2019

**STATE OF TENNESSEE v. MATTHEW JACKSON**

**Appeal from the Circuit Court for Robertson County
Nos. 01-0022, 01-0086      Jill Bartee Ayers, Judge**

_____

**No. M2018-01971-CCA-R3-CD**
_____

The Appellant, Matthew Jackson, appeals the Robertson County Circuit Court's denial of his motion to withdraw his guilty pleas to two counts of aggravated rape, which resulted in an effective twenty-five-year sentence.  Based upon the record and the parties' briefs, we reverse the judgment of the trial court and remand the case for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed,
Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Matthew Jackson.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

Relevant to this appeal, the Appellant entered an "open" plea to two counts of aggravated rape, a Class A felony, in May 2001.  After a sentencing hearing, he received concurrent sentences of twenty-five years in confinement.  This court affirmed the length of his sentences.  State v. Matthew Melton Jackson, No. M2001-01999-CCA-R3-CD, 2003 WL 288432, at *6 (Tenn. Crim. App. at Nashville, Feb. 7, 2003).

The Appellant filed a timely petition for post-conviction relief, claiming that "his guilty pleas were involuntary and unknowing because he was unaware of the

constitutional rights he was waiving at the time he entered his pleas." Matthew Melton Jackson v. State, No. M2004-01342-CCA-R3-PC, 2005 WL 1220242, at *1 (Tenn. Crim. App. May 18, 2005). The post-conviction court held a hearing in which the Appellant and trial counsel testified. See id at *2-4. The court denied the petition, and this court affirmed the denial, finding that the Appellant pled guilty knowingly, voluntarily, and intelligently. Id. at *11.

The Appellant then filed several petitions for a writ of habeas corpus. The petitions are not in the appellate record, but the Lake County Circuit Court's July 1, 2013 order denying the third petition is in the record. In the order, the habeas corpus court stated that the Appellant filed his third petition for a writ of habeas corpus on June 5, 2013, alleging that his sentences for aggravated rape were illegal because he was not advised that they required community supervision for life. The habeas corpus court noted that the judgments of conviction did not provide for community supervision for life but held that the Appellant was not entitled to relief because his sentences had not expired and the judgments would be, at best, voidable, not void. However, the habeas corpus court remanded the case to the trial court for entry of corrected judgments to reflect the requirement of community supervision for life. This court affirmed the judgment of the habeas corpus court, finding that community supervision for life was not a material condition of the Appellant's plea agreement and agreeing with the habeas corpus court that "[even] if [the Appellant] had a valid claim that his guilty pleas were not knowingly, voluntarily, and intelligently entered for the reasons alleged, this would render the judgments merely voidable and not void." Matthew Jackson v. State, No. W2013-01794-CCA-R3-HC, 2014 WL 12653821, at *2 (Tenn. Crim. App. at Jackson, Mar. 31, 2014).

On June 6, 2016, the Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.[1] On July 11, 2016, the trial court filed a handwritten order summarily denying the motion, stating simply, "Petitioner's Petition raises issues that have all been adjudicated, and appealed and affirmed on appeal." On appeal to this court, this court concluded that none of the issues raised in the Rule 36.1 motion were proper grounds for Rule 36.1 relief and affirmed the ruling of the trial court. State v. Matthew Melton Jackson, No. M2016-01559-CCA-R3-CD, 2017 WL 698654, at *3 (Tenn. Crim. App. at Nashville, Feb. 22, 2017).

The record reflects that on June 4, 2018, the Appellant filed a second motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Although the motion is not in the appellate record, the trial court's June 29, 2018 order

---

[1] The Appellant's Rule 36.1 motion and the trial court's order denying the motion are not in the appellate record. However, they were included in the record for the Appellant's appeal of the denial of the motion. This court may take judicial notice its own records. See Harris v. State, 301 S.W.3d 141, 147 n.4 (Tenn. 2010) (citing State v. Lawson, 291 S.W.3d 864, 86970 (Tenn. 2009)).

denying the motion is in the record. According to the order, the Appellant argued for the first time in his second Rule 36.1 motion that he did not know he would be subject to community supervision for life when he pled guilty, which resulted in an illegal sentence. The trial court found that "[t]he record is clear that at the time of acceptance of the open plea, none of the parties mentioned the statutory requirement that the defendant also be sentenced to community supervision for life at the expiration of his sentence to incarceration as required by [Tennessee Code Annotated section] 39-13-524." The trial court noted that in the Appellant's Rule 36.1 motion, he was relying on Ward v. State, 315 S.W.3d 461 (Tenn. 2010), in which our supreme court held that the failure to advise a defendant about the requirement of community supervision for life invalidated a guilty plea. The trial court further noted, though, that our supreme court subsequently revisited the issue in Bush v. State, 428 S.W.3d 1 (Tenn. 2014), and held that Ward did not apply retroactively. Accordingly, the trial court held that the Appellant's Rule 36.1 motion did not state a colorable claim and summarily denied the motion. The Appellant did not appeal the trial court's ruling.

On September 10, 2018, the trial court entered corrected judgments of conviction, showing that the Appellant was subject to community supervision for life following the expiration of his sentences pursuant to Tennessee Code Annotated section 39-13-524. On October 9, 2018, the Appellant filed a motion to withdraw his guilty pleas pursuant to Tennessee Rule of Criminal Procedure 32(f)(2), alleging that he did not knowingly, voluntarily, and intelligently plead guilty because neither trial counsel nor the trial court informed him about the requirement of community supervision for life when he pled guilty and that he would not have pled guilty if he had known about the requirement. Three days later, the trial court summarily denied the motion. Relying on its analysis in its June 29, 2018 order, the trial court first found that the Appellant's sentences were not illegal. The trial court then found that the Appellant's motion did not set out a basis to withdraw his guilty pleas to correct manifest injustice pursuant to Tennessee Rule of Criminal Procedure 32(f)(2), stating, "All matters raised in defendant's motion and supporting document labeled 'Issues Presented for Review' have been previously litigated over a more than ten (10) year period as the procedural history of this matter indicates."

## II. Analysis

On appeal, the Appellant contends that the trial court erred by summarily denying his motion to withdraw his guilty pleas. The State argues that the trial court properly denied the motion. We conclude that the case must be remanded to the trial court for an evidentiary hearing.

Generally, a guilty plea cannot be withdrawn as a matter of right. State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003). Nevertheless, Rule 32(f) of the Tennessee Rules of Criminal Procedure provides that "[b]efore sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). However, "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2); see also State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). The thirty-day period to file a motion to withdraw a guilty plea is triggered by the entry of a corrected judgment. Dennis Eugene Evans v. State, No. E2004-01059-CCA-R3-PC, 2004 WL 2853296, at *2 (Tenn. Crim. App. at Knoxville, Dec. 13, 2004); see State v. Nagele, 353 S.W.3d 112 (Tenn. 2011) (treating defendant's motion to withdraw as timely from the entry of corrected judgment). The decision to allow a defendant to withdraw a plea is a matter addressed to the sound discretion of the trial court. State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005).

In the instant case, the Appellant did not indicate a desire to withdraw his pleas until after he was sentenced. Therefore, he was entitled to withdraw his guilty pleas only to correct manifest injustice. Rule 32 does not provide a definition of manifest injustice. Id. at 741-42. Regardless, our courts have determined that

> [w]ithdrawal to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

State v. Virgil, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008); see also State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). However, "a defendant's change of heart about pleading guilty or a defendant's dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal." Crowe, 168 S.W.3d at 743. It is the defendant's burden to establish manifest injustice requiring withdrawal of the guilty plea. Turner, 919 S.W.2d at 355.

Here, the Appellant contends that he did not enter his guilty pleas knowingly, voluntarily, and intelligently because he did not know he would be subject to the requirement of community supervision for life. Tennessee Code Annotated section 39-13-524 provides that a defendant convicted of certain enumerated offenses must receive a sentence of community supervision for life in addition to the sentence imposed for such

- 4 -

offenses. "[F]ailure to include the community supervision for life provision" in a judgment results in an illegal sentence. State v. Bronson, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005).

In Ward, our supreme court held that "trial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement prior to accepting a guilty plea." 315 S.W.3d at 476. The court went on to explain,

> Where, as here, the trial court has committed constitutional error by failing to ensure that the defendant is aware of a direct consequence of his or her guilty plea, the judgment of conviction must be set aside unless the State proves that the error was harmless beyond a reasonable doubt. State v. Neal, 810 S.W.2d 131, 138-40 (Tenn. 1991), overruled in part on other grounds by [Blankenship v. State, 858 S.W.2d 897, 902 (Tenn. 1993)]. As the Neal Court observed, "[i]f it can be shown that the defendant already knew what he was not advised, . . . the harmless nature of the error is classic." Id. at 139. "If the State can demonstrate that the error was harmless beyond a reasonable doubt, then the judgment stands. If a reasonable doubt exists at the close of the proof, then the judgment must be set aside." Id. at 139-40; accord [Adkins v. State, 911 S.W.2d 334, 348 (Tenn. Crim. App. 1994)] (stating "[i]f a reviewing court determines that the failure to strictly advise of the Boykin rights 'was harmless beyond a reasonable doubt,' the conviction stands").

Id.

In Nagele, the defendant pled guilty to attempted aggravated sexual battery in 2002 and received a six-year sentence. 353 S.W.3d at 114. Neither the plea agreement nor the transcript of the guilty plea hearing mentioned the requirement of community supervision for life, and the box on the judgment form for the requirement was left unchecked. Id. Two days before the defendant's sentence expired, the State moved to amend the judgment to include community supervision for life. Id. at 115. The trial court entered a corrected judgment one month later, and the defendant immediately filed a motion to withdraw his guilty plea, "claiming that because he was not informed of the lifetime community supervision requirement, his plea was not knowingly and voluntarily made." Id. The trial court held a hearing and denied the defendant's motion to withdraw his guilty plea. Id. at 116. However, our supreme court allowed the defendant to withdraw his plea because he failed to fully understand "the mandatory nature of lifetime community supervision" as required by Ward. Id. at 121.

The State contends that the holdings in Ward and Nagele do not apply in this case because three years after Nagele, our supreme court held in Bush v. State, 428 S.W.3d 1, 5-6 (Tenn. 2014), that retroactive application of Ward was not required in post-conviction proceedings. However, as recognized by the State, this court has held that "'[t]he concept of manifest injustice under Rule 32(f) is not identical to the requirements of constitutional due process' under post-conviction." State v. Patrick Bumpus, No. W2018-01034-CCA-R3-CD, 2019 WL 1896562, at *2 (Tenn. Crim. App. at Jackson, Apr. 29, 2019) (quoting State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *7 (Tenn. Crim. App. at Nashville, Aug. 15, 1997)). Moreover, in Patrick Bumpus, this court reversed the trial court's summary dismissal of a defendant's motion to withdraw a guilty plea, explaining that "we cannot reach the merits of Defendant's claim because the trial court denied him the opportunity to present any evidence and testimony to support his allegations." Id.

Turning to the instant case, the Appellant timely filed his motion to withdraw his guilty pleas on the basis that he did not plead guilty knowingly, voluntarily, and intelligently because neither defense counsel nor the trial court advised him of the requirement of community supervision for life. The trial court summarily denied the motion by finding that the issue had been previously litigated during the Appellant's ten-year procedural history. However, we fail to see, and the trial court did not explain, how the issue could have been previously litigated when no court has ever held a hearing to address the specific issue of community supervision for life. Accordingly, we are compelled to conclude that the trial court erred by summarily dismissing the Appellant's motion to withdraw his guilty pleas.

### III. Conclusion

Based upon the record and the parties' briefs, the judgment of the trial court is reversed, and the case is remanded to the trial court for an evidentiary hearing.

_____
NORMA MCGEE OGLE, JUDGE

- 6 -