IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2024

## STATE OF TENNESSEE v. WILLIAM MCDANIEL

**Appeal from the Criminal Court for Hamilton County**
**No. 237830   Amanda B. Dunn, Judge**

_____

### No. E2024-00141-CCA-R3-CD

_____

Petitioner, William McDaniel, appeals the denial of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

William McDaniel, Nashville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Coty Wamp, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

The procedural history of this case has been previously summarized by this court as follows:

> In April 2001, [Petitioner] engaged in anal, oral, and vaginal intercourse with a female under the age of thirteen, the daughter of his live-in girlfriend. He was subsequently indicted for three counts of rape of a child as a Range III offender. In May 2002, [Petitioner] pled guilty to the offenses as charged but was sentenced as a Range I offender to [con]current sentences of twenty-five years. The [judgments] reflect that the term would be served at 100% because [Petitioner] was a child rapist.

On July 16 and September 12, 2002, [Petitioner] filed pro se Motions for Reduction of Sentence. The two motions were virtually identical in language, except one state[d] it [wa]s pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. On September 27, 2002, the trial court entered an order overruling the Motion for Reduction of Sentence. No appeal was taken of that denial.

Next, on September 12, 2012, [Petitioner] filed the instant pro se "Motion to Correct Judgment/Sentence or in the Alternative Motion to Withdraw Guilty Plea." Thereafter, on September 17, 2012, the trial court entered an order overruling the motion, which [Petitioner] never received a copy of. He later filed a pro se motion for delayed appeal in the trial court alleging his failure to receive notice of the ruling, and the trial court granted the motion for delayed appeal on January 28, 2013. In an order noting that the trial court was without authority to grant that motion, this court, nonetheless, waived the untimely filing of the notice of appeal in the interests of justice.

*State v. McDaniel*, No. E2013-00353-CCA-MR3-CD, 2013 WL 5874706, at *1 (Tenn. Crim. App. Oct. 31, 2013); *State v. McDaniel*, No. E2015-00680-CCA-R3-CD, 2015 WL 9255346, at *1 (Tenn. Crim. App. Dec. 16, 2015).

Thereafter, Petitioner presented two issues for appeal: "(1) whether the trial court erred in denying his Motion for Reduction of Sentence; and (2) whether the trial court erred in denying his Motion to Withdraw Guilty Plea because it was not knowingly and voluntarily entered." *McDaniel*, 2013 WL 5874706, at *1. Petitioner argued that his "sentence should be reduced to reflect service of the sentence at 30%, as a standard Range I offender," or alternatively that he was not informed at the time of the plea that a charge of rape of child required that he serve his sentence at 100% and therefore, his guilty plea was not knowingly and voluntarily entered. *Id.* This court concluded that a reduction of Petitioner's sentence was unwarranted and that a post-conviction petition was the proper avenue to pursue relief from an unknowing and involuntary guilty plea, "noting that the statute of limitations to file such a petition had long expired." *McDaniel*, 2015 WL 9255346, at *1; *McDaniel*, 2013 WL 5874706, at *4.

On February 17, 2015, Petitioner filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. *McDaniel*, 2015 WL 9255346, at *1. He alleged that his sentence was illegal because the trial court "should have imposed consecutive sentencing and because he pled guilty while believing that he would be subject to release eligibility after serving thirty percent of his sentence, which rendered his guilty pleas not knowing or voluntary." *Id.* The trial court summarily denied the motion finding that Petitioner failed to state a colorable claim for relief. *Id.* This court affirmed the judgment of the trial court. *Id.* at *2-4.

On September 15, 2023, Petitioner filed the present Rule 36.1 motion to correct an illegal sentence arguing that his sentence is illegal and/or unconstitutional because of the imposition of community supervision for life, Tennessee Code Annotated section 39-13-524, and that requiring him to register as a sex offender under the Tennessee Sex Offender Registration Act of 2004 ("SORA"), in particular Tennessee Code Annotated sections 40-39-201, -202, -203, -204, and -211, violated the federal and state constitutional protections against double jeopardy. Petitioner filed a second Rule 36.1 motion arguing that his sentence violated the constitutional prohibition against ex post facto laws because he did not receive notice of his community supervision for life and that SORA imposed retroactive punishment. Petitioner filed an amended motion alleging that "[t]he State failed to apply [Tennessee Code Annotated section 40-35-501(I)(1)]," which he asserts would have permitted him to serve eighty-five percent of the sentence imposed.

The trial court summarily dismissed Petitioner's motion finding that neither the imposition of lifetime community supervision nor the imposition by SORA violated the Double Jeopardy or Ex Post Facto Clauses of the Tennessee or United States Constitutions. It is from this summary dismissal that Petitioner now appeals.

**Analysis**

On appeal, Petitioner argues that the trial court erred by denying his Rule 36.1 motion because his sentence is illegal. More specifically, he asserts that his sentence is illegal because SORA and the imposition of lifetime community supervision violate principles of double jeopardy and that SORA also violates the prohibition against ex post facto laws. The State responds that neither of the claims raised by Petitioner are cognizable under Rule 36.1.

Initially, we note that although there was no hearing on the Rule 36.1 motion and the order denying the Rule 36.1 motion was not entered until April 25, 2024, Petitioner filed a notice of appeal in this court on January 18, 2024. While the record does not indicate how Petitioner became aware of the trial court's judgment before it was entered, this court will treat Petitioner's premature notice of appeal as timely filed pursuant to the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

Tennessee Rule of Criminal Procedure 36.1 permits a petitioner to seek correction of an unexpired illegal sentence at any time by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1); *see State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(2). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1, concluding that the definition "is

coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.*

As to Petitioner's claim that SORA and the imposition of lifetime community supervision violate principles of double jeopardy, this court has repeatedly held that such are not colorable claims for purposes of Rule 36.1. *State v. Tucker*, No. M2024-00104-CCA-R3-CD, 2024 WL 4182674, at *5 (Tenn. Crim. App. Sept. 13, 2024), *no perm. app. yet filed*; *State v. Johnson*, No. M2023-01477-CCA-R3-CD, 2024 WL 2795847, at *1 (Tenn. Crim. App. May 31, 2024), *perm. app. pending*; *State v. Langford*, No. M2023-01244-CCA-R3-CD, 2024 WL 1886503, at *2 (Tenn. Crim. App. Apr. 30, 2024), *no perm. app. filed*; *State v. Everett*, No. W2021-00677-CCA-R3-CD, 2022 WL 2196887, at *3 (Tenn. Crim. App. June 17, 2022), *no perm. app. filed*; *State v. Sargent*, No. W2018-00517-CCA-R3-CD, 2019 WL 1952881, at *1 (Tenn. Crim. App. Apr. 30, 2019); *State v. Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017).

Likewise, Petitioner's claim that SORA violates the prohibition against ex post facto laws is not a colorable claim for purposes of Rule 36.1. *State v. Owens*, No. E2022-00852-CCA-R3-CD, 2023 WL 6843600, at *3 (Tenn. Crim. App. Oct. 17, 2023), *perm. app denied* (Tenn. Apr. 10, 2024); *State v. Ross*, W2016-01220-CCA-R3-CD, 2017 WL 3641776, at *2 (Tenn. Crim. App. Aug. 24, 2017). Our supreme court has held that SORA does not violate the prohibition against ex post facto laws because "requirements imposed by [SORA] are nonpunitive and that they are therefore a collateral consequence of a guilty plea." *Ward v. State*, 315 S.W.3d 461, 469 (Tenn. 2010); *see also State v. Atwell*, No. E2021-00067-CCA-R3-CD, 2022 WL 601126, at *6 (Tenn. Crim. App. Mar. 1, 2022), *perm. app. denied* (Tenn. Aug. 3, 2022); *Woodson v. State*, No. M2018-02153-CCA-R3-PC, 2020 WL 406855, at *3 (Tenn. Crim. App. Jan. 24, 2020).[1]

The record reflects that Petitioner received a statutorily authorized sentence for each of his convictions, and nothing indicates that his sentences contravene any sentencing statute. Accordingly, we conclude that the trial court's dismissal of Petitioner's Rule 36.1 motion was proper, and Petitioner is not entitled to relief.

---

[1] In his brief, Petitioner asserts that the trial court failed to advise him that he was subject to mandatory lifetime community supervision as a result of his guilty plea. However, this requirement is reflected in the judgment forms as was statutorily required at the time of the guilty plea. *State v. Bronson*, 172 S.W.3d 600, 602 (Tenn. Crim. App. 2005).

**CONCLUSION**

For the forgoing reasons, the judgment of the trial court is affirmed.

_____
JILL BARTEE AYERS, JUDGE