IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2020

**JACK LOUIS JANES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Putnam County**
**No. 99-0254  Gary McKenzie, Judge**
————————————————————

**No. M2019-01962-CCA-R3-HC**
————————————————————

Petitioner, Jack Louis Janes, appeals from the trial court's summary dismissal of his motion to withdraw his guilty plea or, in the alternative, petition for writ of habeas corpus relief.  Having reviewed the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Jack Louis Janes, Hartsville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Ben Fann, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

In June 1999, Petitioner was indicted by the Putnam County grand jury for two counts of rape of a child and one count of especially aggravated sexual exploitation of a minor.  On January 31, 2000, Petitioner pleaded guilty to one count of rape of a child in exchange for a sentence of eight years to be served at 85 percent release eligibility.  The remaining counts were dismissed.

Petitioner filed a *pro se* petition for post-conviction relief on February 5, 2001. The record reflects that at a hearing on August 17, 2004, at which Petitioner was represented by counsel, Petitioner voluntarily withdrew his post-conviction petition.

On June 2, 2006, an amended judgment was entered to add the following special condition to Petitioner's sentence: "THE JUDGEMENT [sic] IS HEREBY AMENDED TO REFLECT THAT THE DEFENDANT SHALL BE ON LIFE TIME [sic] SUPERVISION." On August 25, 2019, Petitioner filed a motion to withdraw his guilty plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure or, in the alternative, a request for writ of habeas corpus relief. Petitioner alleged that the "*ex parte* amendment of the original judgment without his presence was illegal" and violated his due process rights. Petitioner asserted that his trial counsel had not advised him that he would be subject to lifetime community supervision and his guilty plea was not entered knowingly, intelligently, and voluntarily. Petitioner asserted that he was prejudiced by the amended judgment and "suffered from decade-long harassment" because he had been arrested on more than 24 occasions and convicted twice for violating the conditions of lifetime community supervision. The record shows that Petitioner was convicted in 2016 for a violation of community supervision for life that occurred in 2014. Thus, Petitioner became aware of the community supervision for life provision no later than 2016.

The trial court summarily dismissed Petitioner's motion as untimely filed, and the trial court denied Petitioner's request for writ of habeas corpus because Petitioner failed to comply with Tennessee Code Annotated section 29-21-105, specifically that Petitioner did not file it in the county where he was incarcerated. Petitioner filed an untimely notice of appeal and a motion to waive the thirty-day filing deadline. This court granted Petitioner's motion and waived the timely filing of Petitioner's notice of appeal.

*Analysis*

Petitioner challenges the trial court's summary dismissal of his motion to withdraw his guilty plea or, in the alternative, request for writ of habeas corpus. The State responds that the trial court properly dismissed Petitioner's motion to withdraw his guilty plea as untimely and properly dismissed his request for writ of habeas corpus relief because it was not filed in the proper court, Petitioner did not challenge a void judgment, and Petitioner did not state a cognizable claim for habeas corpus relief.

*Motion to withdraw guilty plea*

As indicated, Petitioner moved to withdraw his plea under the terms of Tennessee Rule of Criminal Procedure 32(f). That rule provides:

(f) Withdrawal of Guilty Plea.

(1) Before Sentence Imposed.  Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

(2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f).

In this case, Petitioner's amended judgment became final 30 days after its entry in June, 2006.  Petitioner filed his Rule 32(f) motion 13 years after the amended judgment became final.  Nothing in the plain language of Rule 32(f) allows a defendant to withdraw his plea after his judgment becomes final.  *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (observing that defendants have "thirty days within which to determine whether circumstances exist that may prompt the filing of a motion to withdraw the previously entered plea pursuant to Rule 32(f)").

We are cognizant that in *State v. Nagele*, our supreme court allowed Nagele to withdraw his guilty plea years after his November 13, 2002 guilty plea based upon his failure to fully understand "the mandatory nature of lifetime community supervision." *See State v. Nagele*, 353 S.W.3d 112, 121 (Tenn. 2011).  In *Nagele*, the State moved the trial court to amend the judgment to include community supervision for life "two days before the expiration of" Nagele's sentence in February 2009, and the trial court entered a corrected judgment one month later.  *Id*. at 115.  Nagele immediately "moved to set aside the conviction, claiming that because he was not informed of the lifetime community supervision requirement, his plea was not knowingly and voluntarily made." *Id*.  Without directly addressing the timeliness issue, our supreme court essentially treated Nagele's motion to withdraw as timely from the entry of the corrected judgment.  By contrast, in this case Petitioner filed his motion to withdraw more than 13 years after the filing of the amended judgment, and between four and five years after he became aware of the judgment being amended.  In consequence, the motion is untimely, and summary dismissal was appropriate on this basis alone.

*Habeas corpus*

In its order denying Petitioner's request for habeas corpus relief, the trial court noted that Petitioner was incarcerated in Trousdale County, Tennessee, and Petitioner filed his petition in the Putnam County Criminal Court.  A petition for writ of habeas

corpus "should be made to the court or judge most convenient in point or distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." T.C.A. § 29-21-105. The Tennessee Supreme Court has interpreted this provision to mean that the petition should be filed in "the county where the petitioner is being held, unless a sufficient reason is given for not doing so." *Carter v. Bell*, 279 S.W.3d 560, 562-63 (Tenn. 2009).

The trial court denied Petitioner's request for habeas corpus relief on this basis alone. We conclude that it was error for the trial court to dismiss Petitioner's request for habeas corpus relief for filing it in the convicting court rather than the county in which he was incarcerated. Petitioner's challenge is based on an amended judgment to correct the sentence in the original judgment that did not contain the lifetime supervision provision, which were both entered in Putnam County, and the amended judgment was not served upon Petitioner. This court has held that when a habeas corpus petition raises a claim that the petitioner's sentence is illegal, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." *Davis v. State*, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008).

Nevertheless, we conclude that the trial court properly denied Petitioner's request for habeas corpus relief because the judgment, as amended, is not void on its face. In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any

presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

The record establishes that Petitioner's sentence as currently expressed is legal and that the amended judgment filed in this case is not void. The original judgment in this case did not provide for a sentence including community supervision for life, and that omission rendered the sentence in the original judgment illegal under Tennessee Code Annotated section 39-13-524(b), which states, "[t]he judgment of conviction . . . shall include that the person is sentenced to community supervision for life." *See* T.C.A. § 39-13-524(a)(1) (requires community supervision for life for rape of a child). Because the original judgment was void, the trial court had jurisdiction to amend or correct that judgment. *See State v. Bronson*, 172 S.W.3d 600, 602 (Tenn. Crim. App. 2005) ("An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time."). Consequently, the amended judgment in this case, which properly provides for community supervision for life, is not void. Additionally, the fact that Petitioner was unaware of the amendment does not render the amended judgment void. *See State v. Carl David Roe*, No. E2018-00609-CCA-R3-CD, 2019 WL 764544, at *1, *5 (Tenn. Crim. App. Feb. 21, 2019) (determining that an amended judgment was not void when the defendant claimed that the amendment had been made without his knowledge or consent), *no perm. app. filed*. Additionally, Petitioner's claim that the addition of the lifetime supervision requirement rendered his guilty plea unknowing and involuntary is not a cognizable ground for habeas corpus relief. *See Archer*, 851 S.W.2d at 163. Petitioner is, therefore, not entitled to habeas corpus relief.

CONCLUSION

The trial court did not err by summarily dismissing Petitioner's motion to withdraw his guilty plea because the filing was time barred. Moreover, Petitioner cannot establish entitlement to relief via a petition for writ of habeas corpus. Accordingly, the judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE