IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 14, 2026

**STATE OF TENNESSEE v. ALEJANDRO AVILA-SALAZAR**

**Appeal from the Criminal Court for Davidson County**
**No. 2005-A-32        Cynthia Chappell, Judge**
_____

**No. M2025-00292-CCA-R3-CD**
_____

Petitioner, Alejandro Avila-Salazar, appeals the denial of his pro se "Petition For a Writ of Habeas Corpus[,] Rule 36.1 Motion to Correct an Illegal Sentence[,] Petition for Common Law Writ of Certiorari." After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Alejandro Avila-Salazar, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On September 6, 2006, Petitioner pled guilty to second degree murder and attempted aggravated rape. Pursuant to the negotiated plea agreement, the trial court sentenced Petitioner to an out-of-range sentence of forty years with a release eligibility of one hundred percent for second degree murder and to a concurrent sentence of twelve years as a standard offender for attempted aggravated rape. *Avila-Salazar v. State*, No.

M2020-01605-CCA-R3-PC, 2022 WL 1415709, at *2-3 (Tenn. Crim. App. May 4, 2022), *perm. app. denied* (Tenn. Oct. 19, 2022).

Petitioner subsequently filed a petition for post-conviction relief alleging that his guilty plea was not knowingly and intelligently entered because he received ineffective assistance of counsel. The post-conviction court denied the petition, and this court affirmed the denial. *Avila-Salazar v. State*, No. M2008-02120-CCA-R3-PC, 2009 WL 3029604, at *1 (Tenn. Crim. App. Sept. 22, 2009). Petitioner has filed numerous other challenges to the judgment for his attempted aggravated rape conviction generally alleging that his conviction was void because the sentence lacked the mandatory requirement of community supervision for life. Ultimately, the trial court entered a corrected judgment on December 13, 2022, adding this requirement. *See Avila-Salazar v. State*, No. M2014-01665-CCA-R3-HC, 2015 WL 739669, at *1 (Tenn. Crim. App. Feb. 20, 2015) (affirming summary dismissal of habeas corpus petition); *Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *1 (Tenn. Crim. App. May 30, 2017) (affirming summary dismissal of habeas corpus petition); *State v. Avila-Salazar*, No. M2019-01143-CCA-R3-PC, 2020 WL 241605, at *1 (Tenn. Crim. App. Jan. 15, 2020) (reversing summary dismissal of post-conviction petition and remanding for determination on the merits); *Avila-Salazar v. State*, No. M2020-01605-CCA-R3-PC, 2022 WL 1415709, at *1 (Tenn. Crim. App. May 4, 2022) (reversing post-conviction court's judgment and reinstating Petitioner's original conviction and sentence), *perm. app. denied* (Tenn. Oct. 19, 2022); *State v. Avila-Salazar*, No. M2023-01649-CCA-R3-CD, 2024 WL 3738647, at *1 (Tenn. Crim. App. Aug. 9, 2024) (affirming trial court's denial of Petitioner's pro se motion to withdraw guilty plea or modify his sentences because he waived his claims on appeal by not raising them in the trial court), *no perm. app. filed*.

In his most recent filing, a pro se "Petition For a Writ of Habeas Corpus[,] Rule 36.1 Motion to Correct an Illegal Sentence[,] Petition for Common Law Writ of Certiorari," and the subject of this appeal, Petitioner alleged that the trial court did not have jurisdiction to enter a corrected judgment on December 13, 2022, for his attempted aggravated rape conviction. The trial court summarily dismissed the petition noting that pursuant to Tennessee Rule of Criminal Procedure 36, the trial court "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission" even after the sentence has expired, to ensure that the judgment accurately reflects the trial court's original decision.

As to Petitioner's habeas corpus claim, the trial court concluded this court had previously found that Petitioner's convictions were not void. The court further pointed out:

In 2017, the appellate court determined that Petitioner's attempted aggravated rape sentence was illegal and facially void solely because it failed to include the mandatory community supervision for life provision. However, the Court of Criminal Appeals held that the convictions remained intact and [Petitioner's] "only remedy [wa]s the correction of the sentence." In its 2022 decision, the appellate court again determined that the convictions for both counts remain intact and remanded the case for reinstatement of the sentence previously imposed for attempted aggravated rape.

The trial court also found that Petitioner had not complied with the mandatory procedural requirements for a habeas corpus petition.

As to Petitioner's claim under Rule 36.1 of the Tennessee Rules of Criminal Procedure, the trial court concluded that Petitioner's sentence for attempted aggravated rape, as amended, was "authorized by statute at the time of the offense and has since expired. Based on well-settled legal principles, [Petitioner's] request for Rule 36.1 relief fails to state a colorable claim and is summarily dismissed."

Finally, insofar as the petition raised a writ of certiorari claim, the trial court concluded that a "petition for writ of certiorari is not the proper remedy. Furthermore, the instant 'certiorari petition' is improperly filed before this court and untimely. See Tenn. Code Ann. § 27-9-102."

Petitioner now appeals the trial court's order.

**Analysis**

On appeal, Petitioner argues that his sentence for attempted aggravated rape expired[1] before his judgment was "amended" on December 13, 2022, to reflect community supervision for life, and therefore, the trial court erred by dismissing his petition both under Rule 36.1 and habeas corpus law. Petitioner does not raise any issue on appeal as to his writ of certiorari claim. The State argues that the trial court properly dismissed the petition because Petitioner failed to comply with the mandatory procedural requirements for a habeas corpus petition, and he has not demonstrated that his sentence is void. The State also contends that Petitioner is not entitled to relief under Rule 36.1 because his sentence is not illegal.

---

[1] Petitioner's conviction for second degree murder in this case has not expired.

- 3 -

## I.  Habeas Corpus Relief

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief.  However, the grounds upon which habeas relief may be granted are narrow.  *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).  Relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court lacked jurisdiction or authority to sentence a petitioner or that a petitioner's sentence of imprisonment or other restraint has expired.  *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).  A habeas petition must challenge void and not merely voidable judgments.  *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).  A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment," while a voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity."  *Id.* at 256.

The burden is on the petitioner "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal."  *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).  A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void.  T.C.A. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The procedures governing habeas corpus petitions are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130.  "These procedural requirements 'are mandatory and must be followed scrupulously.'"  *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165).  A trial court may summarily dismiss a habeas petition for failing to comply with these statutory requirements.  *Id.* at 260.  Tennessee Code Annotated section 29-21-107(b)(2) requires that a copy of the judgment at issue be included in the petition.  *See McCann v. State*, No. M2018-00192-CCA-R3-HC, 2018 WL 5733295, at *2 (Tenn. Crim. App. Oct. 31, 2018) (citing *Archer*, 851 S.W.2d at 165).  Failure to attach the underlying judgment to a petition or to offer an explanation for the absence of the judgment is as stated above a "sufficient basis for a summary dismissal of a petition for habeas corpus relief."  *State v. Jeffries*, No. W2007-02027-CCA-R3-HC, 2008 WL 2053721, at *3 (Tenn. Crim. App. May 13, 2008); *see also State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965); *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21.

"The determination of whether habeas corpus relief should be granted is a question of law."  *Summers*, 212 S.W.3d at 255 (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)).  "Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower courts."  *Id.* at 255 (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

Because Petitioner failed to comply with the mandatory statutory requirements and failed to show that his judgment is void, the record supports the trial court's dismissal of Petitioner's habeas corpus claim. Petitioner acknowledges that he has filed prior habeas corpus petitions; however, he did not include them with his petition, nor did he provide a reason for their absence. *See* T.C.A. § 29-21-107(b)(4). Additionally, despite Petitioner's claim that "the illegality of [Petitioner's] restraint has not already been adjudged upon a prior writ of habeas corpus," Petitioner has raised a similar claim in a prior habeas corpus proceeding. *See Salazar*, 2017 WL 2334880, at *2-4 (holding that the judgment for Petitioner's attempted aggravated rape conviction was facially void because the judgment form did not impose mandatory community supervision for life and that the appropriate remedy was to transfer the case to the convicting court for entry of a corrected judgment adding the supervision for life provision). Petitioner failed to comply with the mandatory procedural requirements, and his petition for writ of habeas corpus may be dismissed for this reason alone. *Jeffries*, 2008 WL 2053721, at *3.

Additionally, Petitioner has failed to show that his sentence for attempted aggravated rape is void. Although Petitioner's original sentence for this offense failed to reflect the mandatory community supervision for life provision, a corrected judgment adding the provision was later entered. *Salazar*, 2017 WL 2334880, at *3. The current judgment reflects that Petitioner was sentenced to twelve years for attempted aggravated rape with community supervision for life, a statutorily authorized sentence. *See* T.C.A. § 39-13-524 (a)(3). Petitioner argues that the trial court lacked authority to amend his judgment because his sentence had expired when the corrected judgment was entered. However, a trial court may correct an illegal sentence at any time. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005). Petitioner is not entitled to relief on this claim.

## II.     Tennessee Rule of Criminal Procedure 36.1

Tennessee Rule of Criminal Procedure 36.1 permits a Petitioner to seek correction of an unexpired illegal sentence at any time by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1); *see State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

There are three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing

Act provides a right of direct appeal), and fatal errors (those errors "so profound as to render the sentence illegal and void"). *Id.* at 595. Only sentences with a fatal error present a colorable claim under Rule 36.1. A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). Whether a "[Rule 36.1] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Wooden*, 478 S.W.3d at 589 (citing *Summers*, 212 S.W.3d at 255.

In this case, Petitioner is not subject to an illegal sentence because the corrected judgment form reflecting the mandatory community supervision for life provision was entered on December 13, 2022. Petitioner has failed to state a colorable claim under Rule 36.1 and is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

s/**Jill Bartee Ayers**
JILL BARTEE AYERS, JUDGE

- 6 -